**Harold E. ADAMSON, et al.,
Plaintiffs–Appellants,**

v.

**ARMCO, INC., Defendant–Appellee.**

No. 93–3860.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1994.

Decided Jan. 5, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied March 24, 1995.

Mark Wentworth Bay, Minneapolis, MN, argued (John G. Engberg, on the brief), for appellants.

David A. Ranheim, Minneapolis, MN, argued (David A. Ranheim, John D. Levine and Paul R. Dieseth, on the brief), for appellee.

Before BOWMAN, Circuit Judge, WEIS,* Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

For many years, Reserve Mining Company ("Reserve") mined and processed taconite iron ore deposits in northern Minnesota and shipped the processed taconite to steel mills operated by Reserve's parent companies, Republic Steel Corporation and appellee Armco, Inc. Republic and Armco operated Reserve as a "cost company," paying Reserve's operating expenses as incurred and causing Reserve to have no net earnings. In mid–1986, beset by environmental and economic adversities, Reserve ceased operations and filed a petition for relief under Chapter 11 of the Bankruptcy Code.

Reserve's bankruptcy terminated its unfunded welfare benefit plans. Appellants are 487 former salaried employees and retirees

---

* The HONORABLE JOSEPH F. WEIS, JR., Senior United States Circuit Judge for the Third Circuit, sitting by designation.

of Reserve who had participated in those plans. They commenced this action in 1992 against Armco, asserting thirty-seven claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). The district court[1] dismissed all these claims. This appeal concerns its dismissal of claims for benefits due under the terminated plans as time-barred, and its dismissal of claims for breach of fiduciary duty because appellants as former plan participants lack standing to assert those claims under *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). We conclude that the district court correctly construed ERISA and the relevant case law and therefore affirm.

## I. Claims for Benefits Due

Appellants allege that Armco is an "employer" liable for benefits due under the terms of the unfunded, terminated plans. ERISA expressly provides that "[a] civil action may be brought (1) by a participant or. beneficiary ... (B) to recover benefits due to him under the terms of his plan." § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). The plans stopped paying benefits in 1986. These claims were first asserted in 1992. The district court held the claims time-barred under Minnesota's two-year statute of limitations governing claims for the recovery of wages and other compensation. Minn. Stat. § 541.07(5). We agree.

ERISA contains no statute of limitations for actions to recover plan benefits. Therefore, as a matter of federal law we must look to Minnesota law for the most analogous state statute of limitations. At least in this circuit, it is settled that a claim for ERISA benefits is characterized as a contract action for statute of limitations purposes. In a State such as Minnesota that has more than one statute of limitations for contract actions, the federal court must decide which statute governs claims that are "most analogous" to the ERISA benefit claims at issue. *See Johnson v. State Mut.*

*Life Assur. Co. of America,* 942 F.2d 1260, 1261–63 (8th Cir.1991) (en banc).

Appellants argue that Minnesota's six-year statute of limitations for contracts not falling within a more specific statute should govern. *See* Minn.Stat. § 541.05(1). The district court instead applied § 541.07(5), the two-year statute of limitations for wage claims, which provides in relevant part:

> [T]he following actions shall be commenced within two years:

> \* \* \* \* \* \*

> (5) For the recovery of wages or overtime or damages, fees or penalties accruing under any federal or state law respecting the payment of wages or overtime or damages, fees or penalties.... (The term "wages" means all remuneration for services or employment, including commissions and bonuses and the cash value of all remuneration in any medium other than cash, where the relationship of master and servant exists and the term "damages" means single, double, or treble damages, accorded by any statutory cause of action whatsoever and whether or not the relationship of master and servant exists).

Minnesota courts have applied this statute broadly: "all damages arising out of the employment relationship are subject to the two-year statute of limitations set forth in Minn.Stat. § 541.07(5)." *Stowman v. Carlson Cos.,* 430 N.W.2d 490, 493 (Minn. App.1988), applying *Portlance v. Golden Valley State Bank,* 405 N.W.2d 240, 242 (Minn. 1987). Because ERISA preempts all state law claims, Minnesota courts have not had occasion to determine whether claims for employee benefits under an ERISA plan are wage claims governed by § 571.07(5). *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 52–57, 107 S.Ct. 1549, 1555–58, 95 L.Ed.2d 39 (1987). But the issue is hardly in doubt. For example, in a pre-ERISA case, § 541.07(5) was applied to terminated employees' claims for unpaid vacation benefits. *Kohout v. Shakopee Foundry Co.,* 162 N.W.2d 237 (Minn.1968). And in *Kletschka*

---

1. The HONORABLE DONALD D. ALSOP, Senior United States District Judge for the District of Minnesota.

*v. Abbott–Northwestern Hosp., Inc.*, 417 N.W.2d 752, 755 (Minn.App.1988), the court applied § 541.07(5) to a claim for salary increases and "adjustment of all fringe benefits." The district court's decision is consistent with these cases, with the plain meaning of § 541.07(5), and with the principle of Minnesota law that the more specific of two conflicting statutes of limitations should govern. *See Fagerlie v. City of Willmar*, 435 N.W.2d 641, 645 (Minn.App.1989); Minn. Stat. § 645.26.

For these reasons, we agree with the district court that § 541.07(5) is the most analogous Minnesota statute of limitations for appellants' claims under § 502(a)(1)(B).[2] Appellants argue that *Robbins v. Iowa Road Builders Co.*, 828 F.2d 1348 (8th Cir.1987), *cert. denied*, 487 U.S. 1234, 108 S.Ct. 2899, 101 L.Ed.2d 933 (1988), is to the contrary because we selected the general contract rather than the wage collection statute of limitations. *Robbins* involved an ERISA trustee's suit to collect delinquent plan contributions. A trustee's suit for unfunded contributions is not analogous to an employee's claim for benefits that are part of his or her total compensation. As we noted in *Robbins*, a trustee may lack relevant contribution information, but "[i]n general, a dissatisfied employee will realize when the employer has failed to afford him or her a particular employment benefit and can then promptly initiate an action against the employer." 828 F.2d at 1354.

Appellants next argue that we should reject the most analogous Minnesota statute of limitations because two years is too short a period for § 502(a)(1)(B) claims. Appellants cite no case in which a closely analogous state statute of limitations has been rejected simply because it was too short. "In borrowing a state period of limitation for application to a federal cause of action, a federal court is relying on the State's wisdom in setting a limit, and exceptions thereto, on a closely analogous claim." *Johnson v. Railway Ex-*

*press Agency, Inc.*, 421 U.S. 454, 464, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975). Thus, in the absence of a conflict with federal policy, "suits to recover ERISA benefits should be governed by the norm, the most analogous state statute of limitations." *Johnson*, 942 F.2d at 1262. Here, the Minnesota statute expressly applies to state as well as federal claims, so there is no basis to infer that it "discriminates or expresses hostility against a federal cause of action." *Wyoming Laborers Health & Welfare Plan v. Morgen & Oswood Constr. Co.*, 850 F.2d 613, 619 (10th Cir.1988).

Appellants also have no support for their assertion that a two-year limitations period does not afford a realistic opportunity to assert ERISA benefit claims. A far shorter limitations period governs many employee claims under the federal labor laws. *See DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (adopting six-month federal limitations period for employee suits against employers and unions for relief under collective bargaining agreements). Of course, different policy considerations underlie the limitations issue under various federal labor laws. But the Court's analysis in *DelCostello*—noting the need to balance substantive federal policy interests and the policies of finality and repose underlying statutes of limitations—persuades us that a two-year statute of limitations for § 502(a)(1)(B) benefit claims is not fundamentally unfair or at odds with federal policy. That is the end of the inquiry—"there is no reason to reject the characterization that state law would impose unless that characterization is unreasonable or otherwise inconsistent with national … policy." *United Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 706, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966).

▮ Finally, appellants argue that their claims are timely under the two-year statute of limitations because Armco's refusal to pay

---

**2.** Two other judges of the District of Minnesota have also concluded that § 541.07(5) governs § 502(a)(1)(B) claims for ERISA benefits. *See Wendland v. Erickson Oil Prods., Inc.*, 1992 WL 695897, at *5–6, 1992 U.S.Dist. LEXIS 20569, at

*16–19 (D.Minn. Oct. 2, 1992), and *Arkin v. Med-Centers Health Care, Inc.*, 1990 U.S.Dist. LEXIS 20100, at *16–17 (D.Minn. Apr. 17, 1990). *See also Gray v. Greyhound Retirement & Disability Trust*, 730 F.Supp. 415, 419–20 (M.D.Fla.1990)

benefits is a continuing breach of the plans. We disagree. These causes of action accrued when the plans were terminated and ceased paying benefits in 1986. *See Mason v. Aetna Life Ins. Co.*, 901 F.2d 662 (8th Cir.1990). Appellants did not file suit within two years of that time. Their § 502(a)(1)(B) claims are time-barred.

## II. Breach of Fiduciary Duty Claims

■ Appellants allege that Armco breached its fiduciary duties under §§ 404(a) and 405 of ERISA, 29 U.S.C. §§ 1104(a), 1105, by (1) failing to pay benefits according to the terms of the plans; (2) failing to fund or cause Reserve to fund the plans; (3) failing to inform participants that the plans were unfunded; (4) implying that health insurance premiums were being paid when in fact Reserve was self-insured; and (5) falsely implying that the plans had sufficient assets. For purposes of this appeal, Armco concedes that it is a plan fiduciary and that appellants' benefits under the plans are vested, issues it would contest if the case were remanded. Appellants seek to recover plan benefits directly from Armco as a remedy under §§ 502(a)(2) and (a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(2), (a)(3).[3] The district court dismissed these claims on the ground that appellants' claims for benefits are time-barred, and therefore they are no longer ERISA participants with standing to assert claims for breach of fiduciary duty under § 502(a)(2) or § 502(a)(3). We agree.

Only a "participant" or a "beneficiary" may bring a civil enforcement action under §§ 502(a)(2) and (a)(3). A participant or a beneficiary is defined in ERISA as someone "who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. §§ 1002(7), (8). The Supreme Court construed this statutory definition in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. at 117–18, 109 S.Ct. at 957–58:

> *In our view, the term "participant" is naturally read to mean* either employees in, or reasonably expected to be in, currently covered employment, or *former employees* who have a reasonable expectation of returning to covered employment or *who have a colorable claim to vested benefits.* In order to establish that he may become eligible for benefits, a claimant must have a colorable claim that (1) he will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future.

(Emphasis added; citations and internal quotations omitted.) Appellants do not presently have a colorable claim for vested benefits because all their benefit claims are time-barred. The fact that they were plan participants in the past is irrelevant. "The statute by its terms does *not* permit a civil action by someone who *was* a participant at the time of the alleged ERISA violation. Rather, it is written in the present tense, indicating that current participant status is the relevant test." *Raymond v. Mobil Oil Corp.*, 983 F.2d 1528, 1534–35 (10th Cir.) (emphasis in original; citations omitted), *cert. denied,* —— U.S. ——, 114 S.Ct. 81, 126 L.Ed.2d 49 (1993).

■ Several circuits have crafted an exception to the *Bruch* requirement for cases in which, "but for the employer's conduct alleged to be in violation of ERISA," the employee or former employee would be a plan participant. *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1221 (5th Cir.1992); *accord, Mullins v. Pfizer, Inc.*, 23 F.3d 663, 666–68 (2d Cir.1994); *Vartanian v. Monsanto Co.*,

---

(applying 2–year Florida statute of limitations for wage claims).

**3.** § 502(a) provides that a civil action may be brought

"(2) by the Secretary [of Labor], or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;

"(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

Section 502(a)(2) does not "authorize any relief except for the plan itself," *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144, 105 S.Ct. 3085, 3091, 87 L.Ed.2d 96 (1985), and § 502(a)(3) only authorizes traditional equitable relief, not compensatory damages, *see Mertens v. Hewitt Assocs.*, —— U.S. ——, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993). Armco vigorously argues that these limitations foreclose the relief appellants seek under these sections, issues that we need not address.

14 F.3d 697, 700–01 (1st Cir.1994). Other circuits have declined to adopt this exception. *See Raymond,* 983 F.2d at 1536. We apparently adopted it without discussing the issue in *Howe v. Varity Corp.,* 36 F.3d 746 (8th Cir.1994).[4]

This exception only applies when the fiduciary's breach of duty has deprived the § 502(a)(2) or § 502(a)(3) plaintiff of participant status. It does not apply to claimants whose loss of participant status resulted from their own actions. *See Shawley v. Bethlehem Steel Corp.,* 989 F.2d 652, 659 (3d Cir.1993); *Sallee v. Rexnord Corp.,* 985 F.2d 927, 928–30 (7th Cir.1993) (employees who voluntarily quit and sue for severance pay are not participants). This interpretation of the post-*Bruch* exception is consistent with the law in this circuit prior to *Bruch. See Gilquist v. Becklin,* 675 F.Supp. 1168 (D.Minn.1987) (former employees who received lump-sum vested benefits are not participants), *aff'd mem.,* 871 F.2d 1093 (8th Cir.1988). Here, appellants lost their participant status when they allowed their benefit claims to become time-barred. A person who gives up participant status through inaction also relinquishes standing to complain of prior plan mismanagement.

■ Appellants protest that this ruling improperly allows a two-year state statute of limitations for benefit claims to preempt ERISA's longer statute of limitations for breaches of fiduciary duty. *See* ERISA § 413, 29 U.S.C. § 1113. This contention is fundamentally flawed. The issue in this case is whether appellants have statutory standing as participants to assert breach-of-fiduciary-duty claims. We agree with the district court that they do not. If they did have standing, § 413 would provide the statute of limitations governing their breach-of-fiduciary-duty claims. That appellants lack standing because they allowed other claims to become time-barred under ERISA does not "preempt" § 413.

The judgment of the district court is affirmed.

---

4. Presumably this issue was not raised in *Howe,* given Chief Judge Arnold's otherwise thorough opinion. It is clear that the claimants in *Howe* satisfied this exception—they were granted equitable relief restoring their status and benefits in an ERISA plan from which they had been fraudulently induced to withdraw.