61 F.3d 903
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Manuel K. HELMBRIGHT, Plaintiff-Appellant,
v.
CITY OF MARTINS FERRY, OHIO, Defendant-Appellee.
 No. 94-4089.
 United States Court of Appeals, Sixth Circuit.
 July 26, 1995.
 
 Before: CONTIE, RYAN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Manuel K. Helmbright, an Ohio citizen, appeals pro se the summary judgment for defendant in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking ten million dollars in damages, Helmbright filed this complaint against the City of Martins Ferry, Ohio, alleging that the city's failure to train its police had resulted in a violation of his civil rights. Specifically, Helmbright alleged that the police had failed to respond to his repeated complaints that his neighbors were engaging in a campaign of threats, vandalism and assaults against his family. Ultimately, he alleged that the police telephonically authorized his neighbors to affect a citizens arrest of Helmbright, at which point he was pursued by a rock-throwing mob and was able to escape only by shooting two of his neighbors. He is currently incarcerated as a result of his guilty plea to two counts of felonious assault arising out of this incident. The district court granted the defendant's motion for summary judgment on the ground that the action was barred by the statute of limitations.
 
 
 3
 Federal civil rights actions filed in Ohio are governed by a two year statute of limitations. Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc). The district court found that this cause of action accrued on September 17, 1986, at Helmbright's preliminary hearing, when he learned that his neighbors had been acting under the direction of the police. Helmbright filed his complaint on February 4, 1994, over seven years later. He argues that the statute was tolled due to fraudulent concealment on the part of the defendant. Specifically, he argues that his appointed counsel in the criminal proceeding was part of a conspiracy and did not inform him that he might have a cause of action for a violation of his constitutional rights.
 
 
 4
 In order to invoke the doctrine of fraudulent concealment, Helmbright must show that: 1) the defendant concealed its conduct constituting a cause of action, 2) the concealment prevented him from discovering his cause of action within the limitations period, and 3) he exercised due diligence. See Friedman v. Estate of Presser, 929 F.2d 1151, 1159 (6th Cir.1991). Affirmative concealment must be shown; mere silence or unwillingness to divulge wrongful activities is not sufficient. Pinney Dock and Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1471-72 (6th Cir.), cert. denied, 488 U.S. 880 (1988). Based on the record in this case, Helmbright cannot argue that the defendant concealed its conduct. He only argues that no one pointed out to him that this conduct might have constituted a constitutional violation. Consequently, the statutory period began to run on September 17, 1986, when Helmbright discovered the acts of the defendant which he asserts constituted a constitutional violation. See Shapiro v. Cook United, Inc., 762 F.2d 49, 51 (6th Cir.1985) (per curiam). His complaint, filed over seven years later, is accordingly barred by the statute of limitations.
 
 
 5
 The district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.