*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0407p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

DORIS A. REDMON,

*Plaintiff-Appellant,*

v.

No. 08-5121

SUD-CHEMIE INC. RETIREMENT PLAN FOR UNION
EMPLOYEES, et al.,

*Defendants-Appellees.*

---

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 07-00020—John G. Heyburn, II, Chief District Judge.

Argued: September 19, 2008

Decided and Filed: November 18, 2008

Before: COLE and GIBBONS, Circuit Judges; FORESTER, Senior District Judge.[*]

---

## COUNSEL

**ARGUED:** Michael D. Grabhorn, GRABHORN LAW OFFICE, PLLC, Louisville, Kentucky, for
Appellant. Ann E. Georgehead, FROST BROWN TODD, LLC, Louisville, Kentucky, for
Appellees. **ON BRIEF:** Michael D. Grabhorn, GRABHORN LAW OFFICE, Louisville, Kentucky,
for Appellant. Ann E. Georgehead, Lindsay M. Gray, FROST BROWN TODD, LLC, Louisville,
Kentucky, for Appellees.

---

## OPINION

---

JULIA SMITH GIBBONS, Circuit Judge. Plaintiff-appellant Doris A. Redmon appeals the
judgment of the district court dismissing her claims against defendants-appellees Sud-Chemie Inc.
Retirement Plan for Union Employees, Retirement Plan Committee for the Sud-Chemie Inc.
Retirement Plan for Union Employees, and Sud-Chemie Inc. (collectively, "Sud-Chemie"). Redmon
alleges that Sud-Chemie failed to pay her survivor benefits due under her husband's retirement plan
and failed to provide her with the plan information she requested in violation of the Employee
Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* The district court found that

---

[*]The Honorable Karl S. Forester, Senior United States District Judge for the Eastern District of Kentucky, sitting
by designation.

1

Redmon's claims were time-barred by the applicable Kentucky statute of limitations and dismissed her claims. Redmon now appeals, arguing that the district court applied the wrong state statute of limitations and erroneously calculated the date her claims accrued. For the reasons that follow, we affirm the dismissal of Redmon's claims.

I.

The parties agree that Sud-Chemie is an employee benefit plan as defined by ERISA. Redmon's husband, Thomas Redmon, retired from Sud-Chemie Inc. in January 1998. Redmon and her husband met with a plan representative on January 26, 1998. At that meeting, Redmon signed a "waiver" on a document entitled "Designation of Form of Benefit Payment" ("DFBP"). On February 26, 1998, Mr. Redmon met with the plan representative a second time and signed the DFBP.

The DFBP, if validly obtained, caused Mr. Redmon to elect to receive his benefits in the form of a "straight life annuity," thereby waiving Redmon's right to receive survivor benefits in the event that Mr. Redmon predeceased her. In exchange for the waiver of survivor benefits, the straight life annuity offered higher monthly payments ($550.00) during Mr. Redmon's lifetime. Had he instead elected the "qualified joint survivor annuity" option, Mr. Redmon would have received lower monthly payments ($490.60) during his lifetime, and Redmon would have received $245.30 per month during her widowhood.

Effective February 1, 1998, Mr. Redmon began receiving a retirement benefit of $550.00 per month. Mr. Redmon received the $550.00 monthly benefit until his death on October 5, 1999. Following her husband's death, Redmon never received any benefits from Sud-Chemie.

More than six years later, on April 18, 2006, Redmon sent a letter to the plan administrator requesting certain plan documents. The administrator provided some, but not all, of the documents that Redmon requested. Redmon then filed a claim for survivor benefits on May 18, 2006. Her claim was denied in a letter dated September 13, 2006, and Redmon appealed the decision on October 23, 2006. Her claim was again denied by a letter dated December 23, 2006.

Redmon then filed a complaint in the United States District Court for the Western District of Kentucky on January 17, 2007. She alleged that Sud-Chemie had obtained the DFBP without properly advising her and her husband of its effect in violation of ERISA's statutory protections. Redmon therefore alleged that the Redmons' waiver of survivor benefits and election of the straight life annuity was invalid and that she was entitled to survivor benefits under the qualified joint survivor annuity. She also requested statutory penalties of $110.00 per day for Sud-Chemie's failure to provide the plan documents she requested, as required by ERISA.

Sud-Chemie largely agreed with Redmon's account of the facts. Sud-Chemie disagreed, however, with Redmon's characterization of the waiver as uninformed and invalid under ERISA. Sud-Chemie further disagreed that Redmon was entitled to the plan documents she requested, and, therefore, argued that statutory penalties were not warranted. Sud-Chemie defended, *inter alia*, on the ground that Redmon's claim was time-barred by the "applicable statute of limitations."

Redmon moved for summary judgment on June 14, 2007. Sud-Chemie responded that her claim was time-barred and that the applicable statute of limitations was five years under Kentucky Revised Statutes ("KRS") § 413.120(5), which governs actions for "damages for withholding real or personal property." Sud-Chemie further argued that Redmon's cause of action accrued when Mr. Redmon received his first annuity payment in the amount of $550.00, $59.40 more than he would have received if he had elected the qualified joint survivor annuity option. In the alternative, Sud-

Chemie argued that Redmon's cause of action accrued when Sud-Chemie ceased making payments after Mr. Redmon's death. Redmon responded that the applicable state statute of limitations was fifteen years under KRS § 413.090(2), which governs actions on written contracts. Further, Redmon argued that her cause of action under ERISA did not accrue until after she made a claim for benefits and the claim was denied, thereby exhausting the administrative process.

The district court issued a memorandum opinion and order dismissing Redmon's claim for benefits as time-barred. *Redmon v. Sud-Chemie Inc. Ret. Plan for Union Employees, et al.* ("*Redmon I*"), No. 3:07-CV-20-H (W.D. Ky. Nov. 9, 2007). The district court held that the applicable statute of limitations was five years under KRS § 413.120(2), which governs actions "upon a liability created by statute, when no other time is fixed by the statute creating the liability." Further, the district court held that Redmon's cause of action accrued when Sud-Chemie "clearly and unequivocally repudiated" Redmon's survivorship benefits by paying Mr. Redmon the straight life annuity of $550.00 per month.

The district court subsequently issued a second memorandum opinion and order, dismissing Redmon's claim for statutory penalties under ERISA. *Redmon v. Sud-Chemie Inc. Ret. Plan for Union Employees, et al.* ("*Redmon II*"), No. 3:07-CV-20-H (W.D. Ky. Dec. 12, 2007). The district court found that Sud-Chemie had provided Redmon with many of the documents she requested; that Redmon was not prejudiced by the delay because her initial request did not occur until after the five-year statute of limitations had run; that Redmon was not entitled to plan documents because she was neither a participant nor a beneficiary; and that the court was within its discretion to deny statutory penalties.

On January 11, 2008, Redmon timely appealed to this court. The parties renew their arguments regarding the applicable Kentucky statute of limitations and time for accrual. Redmon did not appeal from the order dismissing her claim for statutory penalties.

II.

We review questions of statutory interpretation *de novo*. *West v. AK Steel Corp.*, 484 F.3d 395, 402 (6th Cir. 2007). The same *de novo* standard applies to determining when a cause of action accrues. *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 938 (6th Cir. 1999).

A.

Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, authorizes a participant in an employee welfare benefit plan to bring a civil action "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). However, ERISA does not provide a statute of limitations for a claim for benefits under § 1132(a)(1)(B).[1] *Santino v. Provident Life & Accident Ins. Co.*, 276 F.3d 772, 776 (6th Cir. 2001). "[I]n the absence of a federally mandated statute of limitations, the court should apply the most analogous state law statute of limitations." *Meade v. Pension Appeals & Review Comm.*, 966 F.2d 190, 194-95 (6th Cir. 1992); *see Santino*, 276 F.3d at 776; *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158 (1983).

The parties agree that we must look to the most analogous state statute of limitations but disagree as to what statute that is. Redmon argues that the most analogous state statute of limitations

---

[1]ERISA provides a six-year statute of limitations for claims for breach of fiduciary duty, 29 U.S.C. § 1113, but it does not apply to Redmon's claim for benefits.

is that for breach of written contract.  *See* KRS § 413.090(2).[2]  Sud-Chemie points to the statute of limitations for an action upon liability created by a state statute.  *See* KRS § 413.120(2).[3]  The parties "vigorously dispute" this issue because, under the former, Redmon would have had fifteen years to bring her claim while, under the latter, her cause of action would expire after five years.  *Redmon I*, slip op. at 3.  This issue is dispositive because Redmon did not submit a claim for benefits until more than six years after her husband died and Sud-Chemie ceased making annuity payments.

Where no provision comparable to KRS § 413.120(2) was before the court, we have held that the most analogous state statute of limitations for benefits claims under § 1132(a)(1)(B) is that for breach of contract.  *Santino*, 276 F.3d at 776 (recognizing six-year statute of limitations for breach of contract under Michigan law and applying three-year statute of limitations specified by the terms of the plan); *Meade*, 966 F.2d at 195 (applying fifteen-year statute of limitations for breach of written contract under Ohio law).[4]  Other circuits, applying local law, have reached the same conclusion.[5]

Where a more closely analogous statute of limitations is available, however, our sister circuits have declined to apply the statute of limitations for breach of contract in favor of the more specific provision.  Thus the Third Circuit, faced with the choice between Delaware's three-year statute of limitations for breach of contract or the more specific one-year statute of limitations for employment disputes, held that the shorter statute applied.  *Syed v. Hercules Inc.*, 214 F.3d 155, 159, 161 (3d Cir. 2000).  Similarly the Eighth Circuit declined to apply Minnesota's six-year statute of limitations for breach of contract, finding that the two-year statute of limitations for recovery of

---

[2]KRS § 413.090 provides in relevant part:  "[T]he following actions shall be commenced within fifteen (15) years after the cause of action first accrued:  . . . (2) An action upon a recognizance, bond, or written contract."

[3]KRS § 413.120 provides in relevant part:  "The following actions shall be commenced within five (5) years after the cause of action accrued:  . . . (2) An action upon a liability created by statute, when no other time is fixed by the statute creating the liability."

[4]In *Meade*, we applied the Ohio statute of limitations for breach of written contract to an ERISA benefits claim.  At oral argument, counsel for Redmon contended that *Meade* controls because in that case we applied the breach of contract provision despite a provision of the Ohio Revised Code ("ORC") analogous to the Kentucky provision for statute liability at issue here.  *See* ORC § 2305.07 ("[A]n action . . . upon a liability created by statute . . . shall be brought within six years after the cause thereof accrued.").  After a careful reading of *Meade*, however, we are not persuaded.  The question presented in *Meade* was whether the most analogous Ohio statute of limitations was that for breach of written contract or that for injury not clearly founded on written contract.  *Meade* thus did not present, and we did not decide, the question of whether Ohio's provision for statute liability should apply.  This case presents a different question, and the answer depends on Kentucky law, not Ohio law.  Accordingly, *Meade* does not compel the result here.

[5]*See, e.g.*, *Singleton v. Temp. Disability Benefits Plan for Salaried Employees of Champion Int'l Corp. #505*, 183 F. App'x 293, 295 n.2 (4th Cir. 2006) (applying three-year statute of limitations for breach of contract under North Carolina law); *Hogan v. Kraft Foods*, 969 F.2d 142, 145 (5th Cir. 1992) (applying four-year statute of limitations for breach of contract under Texas law); *Jenkins v. Local 705 Int'l Bhd. of Teamsters Pension Plan*, 713 F.2d 247, 251, 253 (7th Cir. 1983) (applying ten-year statute of limitations for breach of contract under Illinois law); *Wilkins v. Hartford Life & Accident Ins. Co.*, 299 F.3d 945, 948 (8th Cir. 2002) (applying three-year statute of limitations specified under the terms of the plan as enforceable contract under Arkansas law); *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Prog.*, 222 F.3d 643, 647-48 (9th Cir. 2000) (*en banc*) (applying four-year statute of limitations for breach of written contract under California law); *Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197, 1207 (10th Cir. 1990) (applying six-year statute of limitations for breach of contract under New York law); *Harrison v. Digital Health Plan*, 183 F.3d 1235, 1239-40 (11th Cir. 1999) (applying six-year statute of limitations for breach of written contract under Georgia law).  *But see Syed v. Hercules Inc.*, 214 F.3d 155, 161 (3d Cir. 2000) (applying Delaware law and concluding that the most analogous state statute of limitations is that for employment disputes); *Adamson v. Armco*, 44 F.3d 650, 653 (8th Cir. 1995) (applying Minnesota law and concluding that most analogous state statute of limitations is that for recovery of wages).

wages was the most analogous state statute. *Adamson v. Armco, Inc.*, 44 F.3d 650, 653 (8th Cir. 1995). We note today that the most analogous statute may vary as a matter of state law even within a single circuit.[6] *Compare id.* (applying Minnesota's two-year statute of limitations under Minn. Stat. Ann. § 541.07(5), which applies to "the recovery of wages or overtime or damages, fees or penalties accruing under any federal or state law"), *with Johnson v. State Mut. Life Assurance Co. of Am.*, 942 F.2d 1260, 1266 (8th Cir. 1991) (applying Missouri's ten-year statute of limitations under Mo. Ann. Stat. § 516.110(1), which applies to "[a]n action upon any writing . . . for the payment of money or property").[7] This is so because we may not do judicially what Congress declined to do: provide a uniform statute of limitations for benefits claims arising under ERISA. *See Johnson*, 942 F.2d at 1262.

We have never decided the question under Kentucky law. Although this court previously held in *Meade* and *Santino* that the most analogous state statute is that for breach of contract, no provision comparable to KRS § 413.120(2) was before the court in those cases. *Fallin v. Commonwealth Indus., Inc. Cash Balance Plan*, 521 F. Supp. 2d 592, 595-96 & n.3 (W.D. Ky. 2007) (noting that this court has never addressed the issue under Kentucky law). This case therefore presents an issue of first impression.[8]

In *Fallin*, decided by the district court on the same day as *Redmon I*, the court applied the five-year statute of limitations in KRS § 413.120(2) to the plaintiffs' ERISA-based claims. The plaintiffs in *Fallin* alleged that the defendant, plaintiffs' employer, amended its employee benefit plan in violation of ERISA. 521 F. Supp. 2d at 595. The district court found that this claim was more properly characterized as arising under ERISA than under the plan contract:

> Plaintiffs' complaint expressly alleges that Defendants' plan amendments violate various ERISA provisions. Thus, Plaintiffs' complaint arises more specifically from ERISA's statutory protections rather than from an independent promise or contract
>
> . . . . It is true that an ERISA claim can itself involve contractual elements because an ERISA plan contains a set of promises, often unilateral ones. Nevertheless, ERISA is a statutory edifice.

---

[6] We recognized as much twenty years ago. *See Cent. States Se. & Sw. Areas Pension Fund v. Kraftco, Inc.*, 799 F.2d 1098, 1105 (6th Cir. 1986) (*en banc*) (collecting cases).

[7] Although the Eighth Circuit characterizes an ERISA benefits claim as a contract action, that court must still decide between the various statutes of limitations for contract actions available under state law. *Johnson*, 942 F.2d at 1263. In selecting the appropriate statute of limitations, the Eighth Circuit has looked beyond the provisions for traditional contract claims. The choice of the wage recovery statute in *Adamson* seems to acknowledge that the analogy between contracts and ERISA benefits claims is not perfect. *See also Syed*, 214 F.3d at 159 (noting that "Delaware, in essence, has two statutes of limitation for contract disputes" and selecting statute governing employment disputes as most analogous).

[8] In *Salyers v. Allied Corp.*, the United States District Court for the Eastern District of Kentucky addressed the question presented here: which Kentucky statute of limitations is most analogous to a claim for benefits under § 1132(a)(1)(B). 642 F. Supp. 442 (E.D. Ky. 1986). *Salyers* held that the applicable statute of limitations was five years under KRS § 413.120 rather than fifteen years under KRS § 413.090(2). *Id.* at 445. However, the *Salyers* court declined to apply KRS § 413.120(2), as urged by the defendant in that case and by Sud-Chemie here. *Id.* at 444. Rather, the *Salyers* court held that the most analogous statute was KRS § 413.120(5), which applies to actions for damages for withholding real or personal property. *Id.* The court found that five years was the appropriate statute of limitations for ERISA benefits claims in Kentucky because Kentucky courts had applied a five-year statute of limitations to fiduciary claims, the closest historical analogue to ERISA. *Id.* Although we disagree with the choice of KRS § 413.120(5), we agree that Kentucky has a more analogous statute of limitations than that for breach of written contract.

*Id.* Accordingly, the district court found that statute liability, rather than breach of contract, provided the more analogous cause of action to an ERISA claim for benefits.

This reasoning is persuasive, and we adopt it here. The plaintiffs in *Fallin* alleged that certain amendments to their employee retirement benefit plan violated the protections afforded them by ERISA. Although plaintiffs in *Fallin* also sought benefits under the plan, the benefits claim depended on the alleged violations of ERISA's statutory protections. Here, Redmon does not dispute that she signed the DFBP waiver. Rather, she argues that the plan administrator obtained her signature in violation of ERISA. She alleges that her waiver of survivor benefits was therefore invalid under ERISA and that she is entitled to the benefits she would have received if she had not signed the waiver. Redmon's claim for benefits therefore depends on a finding that her signature was invalidly obtained in violation of ERISA. Thus, her claim for benefits can be said to arise more specifically from ERISA's statutory protections than from an independent contract between the Redmons and Sud-Chemie. The result might be different if, for example, Redmon contested the authenticity of the signature on the DFBP. Such a claim might present an issue of contract law. Here, Redmon's claim for benefits is entirely derivative of her claim that Sud-Chemie failed to comply with ERISA. Accordingly, the most analogous Kentucky statute of limitations is five years under KRS § 413.120(2).

This result is in accord with Kentucky law. Synthesizing the Kentucky cases, the Kentucky Court of Appeals held that "the five-year statute of limitations found in KRS 413.120(2) only applies where a statute creates a new theory of liability unknown at common law." *Adkins v. Johnston*, No. 2006-CA-000008-MR, 2006 WL 3759549, at *2 (Ky. App. Dec. 22, 2006). As examples of state statutes that created new theories of liability, the *Adkins* court cited the state Workers' Compensation scheme and the Kentucky Civil Rights Act. *Id.* at *3 n.4 (citing *Whittaker v. Brock*, 80 S.W.3d 428 (Ky. 2002) (Workers' Compensation); *Ky. Comm'n on Human Rights v. Owensboro*, 750 S.W.2d 422 (Ky. 1988) (Kentucky Civil Rights Act)). In contrast, Kentucky courts have declined to apply KRS § 413.120(2) to negligence claims. *Id.* at *2; *see also Toche v. Am. Watercraft*, 176 S.W.3d 694, 698 (Ky. App. 2005) (holding KRS § 413.120(2) inapplicable because a statute imposing "civil liability for negligent operation" merely codified common law personal injury claims); *Stivers v. Ellington*, 140 S.W.3d 599 (Ky. App. 2004) (holding KRS § 413.120(2) inapplicable because the Colorado Ski Safety Act provided a statutory standard of care for common law negligence action).

ERISA is more akin to a statutory scheme such as Workers' Compensation than to any common law cause of action. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 204 (2004) (characterizing ERISA as an "'interlocking, interrelated, and interdependent remedial scheme'") (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 124, 146 (1985)). Therefore, under Kentucky law, the statutory liability provision is the most analogous statute of limitations.

Although the application of KRS § 413.120(2) results in the application of a shorter statute of limitations, this result is not unsound. *Cf. Syed*, 214 F.3d at 161 ("[W]e recognize that the one-year statute of limitations [under Delaware law] is short, but we cannot say that it is inconsistent with the policy of ERISA."). Five years is not unreasonably short, and it is in line with with this and other circuits' application of three-, four-, and six-year statutes of limitation for breach of contract. Although it will result in the dismissal of Redmon's ERISA claims, this result is not unfair. Redmon had over six years in which to inquire as to why Sud-Chemie stopped making annuity payments, and yet she took no steps to claim her survivor benefits. Under these circumstances, it is both compelled by KRS § 413.120(2) and fair to hold that Redmon's claim is time-barred.

B.

The choice of the statute of limitations does not end our inquiry, however, because we must also decide when Redmon's claim accrued. Redmon contends that her claim did not accrue until, in response to her May 2006 claim for benefits, Sud-Chemie formally denied her request later that year. Sud-Chemie argues that her claim accrued either when Mr. Redmon received his first annuity payment or, in the alternative, when Sud-Chemie stopped making payments following Mr. Redmon's death.

In an ERISA case, a cause of action accrues "when a fiduciary gives a claimant clear and unequivocal repudiation of benefits." *Morrison v. Marsh & McLennan Cos.*, 439 F.3d 295, 302 (6th Cir. 2006); *see Bennett v. Federated Mut. Ins. Co.*, 141 F.3d 837, 839 (8th Cir. 1998). Under the "clear repudiation rule," the fiduciary's repudiation need not be formal. *Morrison*, 439 F.3d at 302. Rather, the repudiation alone provides notice to the claimant. *See id.*

Applying *Morrison*, the district court found that Redmon's claim accrued on February 1, 1998, the date on which Sud-Chemie began making the $550.00 monthly annuity payment to Mr. Redmon. Judging from the context, however, the district court appears to be referring to a separate date of October 1999 at which time Sud-Chemie stopped making payments to Redmon. The district court found:

> Immediately after February 1, 1998, Plaintiff was on notice that her benefits were not being paid. At the very least, she was alerted that Defendant had mistakenly neglected to continue her benefits. She could have easily made inquiries as to the reason for the absence of payments. More probably, she was alerted that Defendants differed in their view of the interpretation and effect of the [DFBP], which she does not dispute signing.

*Redmon I*, slip op. at 3. February 1, 1998, however, was the date on which Mr. Redmon retired and began *receiving* annuity payments, not the date on which Sud-Chemie stopped making payments. Accordingly, we must analyze both the 1998 and 1999 dates.

On February 1, 1998, Sud-Chemie began paying Mr. Redmon his monthly annuity of $550.00. Had the Redmons elected the qualified joint survivor annuity, Sud-Chemie would have paid Mr. Redmon $490.60 per month. Redmon has not contested that Mr. Redmon accepted payment in the amount of $550.000. Sud-Chemie's payment and Mr. Redmon's acceptance of the higher amount could be construed as a repudiation of Redmon's survivor benefits. However, even if it were a repudiation, it was not clear and unequivocal. The difference between the two amounts was not large and did not put Redmon on notice that she had waived her survivor benefits.

The events on and after October 1999 tell a different story. Sud-Chemie stopped making payments after Mr. Redmon's death. The cessation of payments was a repudiation of Redmon's survivor benefits. Moreover, this repudiation was clear and unequivocal because Sud-Chemie stopped making monthly payments of $550.00.

Redmon contends that her claim was not clearly and unequivocally repudiated until Sud-Chemie formally denied her request for benefits. She attempts to distinguish *Morrison* because the informal repudiation in *Morrison* was a written denial of insurance coverage, while the repudiation here was Sud-Chemie's failure to pay expected survivor benefits. This distinction does not help Redmon because no formal or written denial was necessary to put her on notice that her survivor benefits had been denied. The cessation of payment was just as clear and unequivocal as sending a letter stating that her benefits had been denied.

Therefore, Redmon's claim for benefits accrued in October 1999, when she stopped receiving payments, and the five-year statute of limitations expired in October 2004. Redmon did not submit a claim to Sud-Chemie until April 2006, six and one half years after her claim accrued and one and one half years after the applicable statute of limitations had expired.[9] Accordingly, her claim was time-barred.

Redmon further contends that her claim did not accrue until she exhausted her administrative remedies, *i.e.*, until she made a formal request for benefits and that request was denied by Sud-Chemie. She cites as authority for this proposition cases holding that ERISA claims generally may not be brought prior to exhaustion of the available administrative remedies. *See, e.g.*, *Prudential Prop. & Cas. Ins. v. Delfield Co. Group Health Plan*, 187 F.3d 637 (6th Cir. 1999) (table). Exhaustion furthers "[t]he important public policy of encouraging private rather than judicial resolution of disputes under ERISA." *Costantino v. TRW, Inc.*, 13 F.3d 969, 974 (6th Cir. 1994). That is why exhaustion generally is a bar to filing suit. Redmon turns the exhaustion requirement on its head, arguing that her failure to utilize private avenues of dispute resolution should permit her to bring a claim in federal court that would otherwise be time-barred. If Redmon is correct, her claim might never accrue and the statute of limitations would never expire, *see Fallin*, 521 F. Supp. 2d at 597, contrary to the policy of repose. Therefore, the district court properly rejected this argument.

III.

For the foregoing reasons, we affirm the judgment of the district court.

---

[9]Had Redmon submitted a claim to Sud-Chemie within the applicable statute of limitations, her claim would have been tolled while she exhausted the administrative process as a matter of Kentucky law. *See Fallin*, 521 F. Supp. 2d at 598.