NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0226n.06

No. 16-2656

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

PREMIUM PROPERTIES UNLIMITED, )
LLC, et al., )
       )
      Plaintiffs, )
       )
and )
       )
MITCHELL ROBERTSON; JODIE )
ROBERTSON, )
       )
      Plaintiffs-Appellants, )
       )
v. )
       )
MERCANTILE BANK MORTGAGE )
COMPANY, LLC; MERCANTILE BANK )
CORPORATION, )
       )
      Defendants-Appellees. )

FILED
May 01, 2018
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF
MICHIGAN

BEFORE: SUHRHEINRICH, GIBBONS, and KETHLEDGE, Circuit Judges.

PER CURIAM. Mitchell and Jodie Robertson appeal the district court's dismissal of their complaint against Mercantile Bank Mortgage Company, LLC, and Mercantile Bank Corporation (collectively Mercantile Bank), alleging discriminatory lending practices in violation of the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691e. As set forth below, we affirm the district court's judgment dismissing the Robertsons' complaint as untimely.

The Robertsons made the following allegations in their third amended complaint: The Robertsons, who are African American, own and operate a number of business entities in Grand Rapids, Michigan, including Mi-Jo's, Inc., and Premium Properties Unlimited, LLC. Around

2003, the Robertsons contacted Mercantile Bank after learning that Pat Julien, a loan officer for Mercantile Bank, was actively recruiting African-American business borrowers. The Robertsons borrowed approximately $225,000 on behalf of Premium Properties and $235,000 on behalf of Mi-Jo's. In 2006, Kate McHenry took over for Julien as the Robertsons' loan officer and forced them to sign personal guarantees for their business loans. In early 2007, Mercantile Bank substantially raised their monthly payments without informing the Robertsons, who continued using their loan payment book to make the same payments. In July 2008, Matt Kind, another loan officer, told the Robertsons that they owed late fees and were a year behind on the increased payments and that a forbearance agreement was necessary for them to keep their properties. The Robertsons signed the forbearance agreement to save their properties and continue their relationship with Mercantile Bank. The forbearance agreement and a subsequent amended agreement required the Robertsons to make upfront payments for fees and costs. As soon as the Robertsons made those payments, Mercantile Bank "quickly and aggressively accelerated the debt." In 2009, Mercantile Bank forced the Robertsons to sell their properties. Kind led the Robertsons to believe that, after a short sale, Mercantile Bank would forgive any deficiency. After selling their properties, the Robertsons still owed more than they originally borrowed. In 2011, Mercantile Bank sued the Robertsons, Premium Properties, and Mi-Jo's for breach of the promissory notes and garnished Mitchell Robertson's wages.

In September 2015, the Robertsons and other African-American business owners filed complaints against Mercantile Bank in the Kent County Circuit Court, claiming lending discrimination in violation of the ECOA and the Fair Housing Act (FHA), 42 U.S.C. § 3613.[1] Mercantile Bank removed the ten cognate cases to the district court based on federal-question

---

[1] The Robertsons have abandoned their FHA claims by failing to challenge the dismissal of those claims on appeal. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005).

No. 16-2656, *Premium Properties Unlimited, et al. v. Mercantile Bank Mortgage Co., et al.*

jurisdiction. *See* 28 U.S.C. §§ 1331, 1441. In each case, Mercantile Bank moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that the plaintiffs' claims were barred by the applicable statute of limitations and that the plaintiffs failed to state a plausible claim for relief. In a single opinion, the district court granted Mercantile Bank's motions to dismiss and dismissed all ten cases on the basis that the statute of limitations barred the plaintiffs' claims. The Robertsons filed a timely appeal.[2]

We review de novo the district court's dismissal on statute-of-limitations grounds. *Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, 839 F.3d 458, 461 (6th Cir. 2016). We may affirm the district court's judgment on any grounds supported by the record. *Dixon v. Clem*, 492 F.3d 665, 673 (6th Cir. 2007).

The ECOA prohibits creditors from taking adverse action "against any applicant, with respect to any aspect of a credit transaction[,] . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1). The ECOA defines "adverse action" as "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." 15 U.S.C. § 1691(d)(6). Claims brought under the ECOA accruing prior to July 21, 2010, are subject to a two-year statute of limitations. 15 U.S.C. § 1691e(f) (amended July 21, 2010); *see* Pub. L. No. 111-203, § 1085(7), 124 Stat. 1376, 2085 (2010). The limitations period runs from "the date of the occurrence of the violation." 15 U.S.C. § 1691e(f).

On appeal, the Robertsons do not challenge the district court's determination that the alleged violations took place from 2007 through 2009 and that the two-year statute of limitations

---

[2] Other plaintiffs appealed separately. This court has affirmed the district court's dismissal in two other cases. *See Guy v. Mercantile Bank Mortg. Co.*, __ F. App'x ___, No. 16-2687, 2017 WL 4350897 (6th Cir. Oct. 2, 2017); *Mickens v. Mercantile Bank Mortg. Co.*, 697 F. App'x 452 (6th Cir. 2017). Today, this panel also affirms the district court's dismissal in another case. *See Precious Creation, Inc. v. Mercantile Bank Mortg. Co.*, No. 16-2652.

No. 16-2656, *Premium Properties Unlimited, et al. v. Mercantile Bank Mortgage Co., et al.*

applied. The Robertsons instead argue that the district court should have applied the discovery rule or the fraudulent-concealment doctrine to extend the limitations period.[3]

The district court concluded that the discovery rule does not apply to ECOA claims. Even with the benefit of the discovery rule, the Robertsons' ECOA claims would still be time barred. "Under the discovery rule, 'the limitations period begins to run when the plaintiff discovers, or with due diligence should have discovered, the injury that is the basis of the action.'" *Patterson v. Chrysler Group, LLC*, 845 F.3d 756, 763-64 (6th Cir. 2017) (quoting *Redmon v. Sud-Chemie Inc. Ret. Plan for Union Emps.*, 547 F.3d 531, 535 (6th Cir. 2008)). "[D]iscovery of the injury, not discovery of the other elements of a claim, is what starts the clock." *Rotella v. Wood*, 528 U.S. 549, 555 (2000).

In their third amended complaint's "Discovery Rule Allegations," the Robertsons alleged that they had no idea that Mercantile Bank's adverse actions might have been motivated by their race "until well into 2012 and beyond when [they] learned that there were other black business owners that had similar experiences with" the bank. But the Robertsons also alleged that, when they met with Mercantile Bank's officers in 2006 to discuss their treatment, Vice President Mark Augustyn made racial comments. Regardless of when they discovered any purportedly discriminatory motive, the Robertsons were aware of their injuries when Mercantile Bank took adverse lending actions against them, as evidenced by the fact that the Robertsons met with an attorney in 2008 when Mercantile Bank required them to sign the forbearance agreement. At the latest, the Robertsons discovered their injuries in 2009 when Mercantile Bank "forced" them to sell their properties—six years before they filed their complaint. The discovery rule does not salvage the Robertsons' claims.

---

[3] The record does not support the Robertsons' claim that the district court found that "racial discrimination probably did happen." (Appellants' Br. 2).

No. 16-2656, *Premium Properties Unlimited, et al. v. Mercantile Bank Mortgage Co., et al.*

The Robertsons argue that the limitations period should be tolled because Mercantile Bank fraudulently concealed evidence to allow the statute of limitations to expire. Equitable tolling on the basis of fraudulent concealment applies if: (1) the defendant concealed the conduct constituting the cause of action; (2) the defendant's concealment prevented the plaintiff from discovering the cause of action within the limitations period; and (3) the plaintiff exercised due diligence in discovering the cause of action. *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 422 (6th Cir. 2009). Fraudulent concealment requires a showing of affirmative concealment; "mere silence or unwillingness to divulge wrongful activities is not sufficient." *Browning v. Levy*, 283 F.3d 761, 770 (6th Cir. 2002) (quoting *Helmbright v. City of Martins Ferry*, No. 94-4089, 1995 WL 445730, at *1 (6th Cir. July 26, 1995)). "Instead, there must be some 'trick or contrivance intended to exclude suspicion and prevent inquiry.'" *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 446-47 (6th Cir. 2012) (quoting *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1467 (6th Cir. 1988)).

According to the Robertsons, Mercantile Bank concealed internal emails that, they claim, demonstrate "blatant racism." Such nondisclosure does not constitute an affirmative act of concealment. In their third amended complaint, the Robertsons alleged that, in 2008, Mercantile Bank induced them to sign the forbearance agreement without disclosing its intent to terminate the lending relationship and that, in 2009, Kind led them to believe that Mercantile Bank would forgive any deficiency after a short sale of their property. Even if these allegations amount to affirmative concealment, the Robertsons were aware of the facts giving rise to their cause of action at the latest in 2009—six years before they filed their complaint.

For these reasons, we **AFFIRM** the district court's judgment dismissing the Robertsons' complaint on statute-of-limitations grounds.