**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 18a0233n.06

No. 16-2652

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| PRECIOUS CREATION, INCORPORATED, | ) | **FILED** |
| | ) | May 04, 2018 |
| Plaintiff, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| MONICA ROBERTSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| MERCANTILE BANK MORTGAGE | ) | |
| COMPANY, LLC; MERCANTILE BANK | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, GIBBONS, and KETHLEDGE, Circuit Judges.

PER CURIAM. Monica Robertson appeals the district court's dismissal of her complaint against Mercantile Bank Mortgage Company, LLC, and Mercantile Bank Corporation (collectively Mercantile Bank), alleging discriminatory lending practices in violation of the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691e. As set forth below, we affirm the district court's judgment dismissing Robertson's complaint as untimely.

Robertson made the following allegations in her third amended complaint: Robertson, who is African American, owns and operates Precious Creation, Inc., a daycare company in Grand Rapids, Michigan. In 2002, Robertson was introduced to Pat Julien, a loan officer for Mercantile Bank, who encouraged Robertson to borrow money to expand her business. In 2003,

Robertson borrowed $120,000 from Mercantile Bank to purchase a building to house her daycare center. After Julien left Mercantile Bank in 2006, Robertson's account was eventually reassigned to Vice President Jason Kinzler. When Robertson's loan matured in 2008, Kinzler visited Robertson and told her that Mercantile Bank would not finance her any longer. Mercantile Bank gave Robertson ninety days to find another lender, increased her interest rate, and levied fees and charges against her. In December 2008, Mercantile Bank emptied Robertson's savings account and applied the money to her loan balance, but later returned the money. Mercantile Bank also closed Robertson's checking account and terminated all relationships with her. In early 2009, after Robertson obtained alternative financing, Mercantile Bank refused to provide a payoff amount, then provided an inaccurate payoff amount, and added fees and charges.

In September 2015, Robertson and other African-American business owners filed complaints against Mercantile Bank in the Kent County Circuit Court, claiming lending discrimination in violation of the ECOA and the Fair Housing Act (FHA), 42 U.S.C. § 3613.[1] Mercantile Bank removed the ten cognate cases to the district court based on federal-question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441. In each case, Mercantile Bank moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that the plaintiffs' claims were barred by the applicable statute of limitations and that the plaintiffs failed to state a plausible claim for relief. In a single opinion, the district court granted Mercantile Bank's

---

[1] Robertson has abandoned her FHA claims by failing to challenge their dismissal on appeal. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005).

motions to dismiss and dismissed all ten cases on the basis that the statute of limitations barred the plaintiffs' claims. Robertson filed a timely appeal.[2]

We review de novo the district court's dismissal on statute-of-limitations grounds. *Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, 839 F.3d 458, 461 (6th Cir. 2016). We may affirm the district court's judgment on any grounds supported by the record. *Dixon v. Clem*, 492 F.3d 665, 673 (6th Cir. 2007).

The ECOA prohibits creditors from taking adverse action "against any applicant, with respect to any aspect of a credit transaction[,] . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1). The ECOA defines "adverse action" as "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." 15 U.S.C. § 1691(d)(6). Claims brought under the ECOA accruing prior to July 21, 2010, are subject to a two-year statute of limitations. 15 U.S.C. § 1691e(f) (amended July 21, 2010); *see* Pub. L. No. 111-203, § 1085(7), 124 Stat. 1376, 2085 (2010). The limitations period runs from "the date of the occurrence of the violation." 15 U.S.C. § 1691e(f).

On appeal, Robertson does not challenge the district court's determination that the alleged violations took place from 2007 through 2009 and that the two-year statute of limitations applied. Robertson instead argues that the district court should have applied the discovery rule or the fraudulent-concealment doctrine to extend the limitations period.[3]

---

[2] Other plaintiffs appealed separately. This court has affirmed the district court's dismissal in two other cases. *See Guy v. Mercantile Bank Mortg. Co.*, __ F. App'x ___, No. 16-2687, 2017 WL 4350897 (6th Cir. Oct. 2, 2017); *Mickens v. Mercantile Bank Mortg. Co.*, 697 F. App'x 452 (6th Cir. 2017). Today, this panel also affirms the district court's dismissal in another case. *See Premium Props. Unlimited, LLC v. Mercantile Bank Mortg. Co.*, No. 16-2656.

[3] The record does not support Robertson's claim that the district court found that "racial discrimination probably did happen." (Appellant's Br. 2).

The district court concluded that the discovery rule does not apply to ECOA claims. Even with the benefit of the discovery rule, Robertson's ECOA claims would still be time barred. "Under the discovery rule, 'the limitations period begins to run when the plaintiff discovers, or with due diligence should have discovered, the injury that is the basis of the action.'" *Patterson v. Chrysler Group, LLC*, 845 F.3d 756, 763-64 (6th Cir. 2017) (quoting *Redmon v. Sud-Chemie Inc. Ret. Plan for Union Emps.*, 547 F.3d 531, 535 (6th Cir. 2008)). "[D]iscovery of the injury, not discovery of the other elements of a claim, is what starts the clock." *Rotella v. Wood*, 528 U.S. 549, 555 (2000).

In her third amended complaint's "Discovery Rule Allegations," Robertson alleged that she did not consider any discriminatory motive until 2013 and that she could not have discovered Mercantile Bank's method for culling borrowers until 2011. Regardless, Robertson was aware of her injury when Mercantile Bank took adverse lending actions against her in 2008 and 2009—six years before she filed her complaint.

Robertson argues that the limitations period should be tolled because Mercantile Bank fraudulently concealed evidence to allow the statute of limitations to expire. Equitable tolling on the basis of fraudulent concealment applies if: (1) the defendant concealed the conduct constituting the cause of action; (2) the defendant's concealment prevented the plaintiff from discovering the cause of action within the limitations period; and (3) the plaintiff exercised due diligence in discovering the cause of action. *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 422 (6th Cir. 2009). Fraudulent concealment requires a showing of affirmative concealment; "mere silence or unwillingness to divulge wrongful activities is not sufficient." *Browning v. Levy*, 283 F.3d 761, 770 (6th Cir. 2002) (quoting *Helmbright v. City of Martins Ferry*, No. 94-4089, 1995 WL 445730, at *1 (6th Cir. July 26, 1995)). "Instead, there must be some 'trick or

contrivance intended to exclude suspicion and prevent inquiry.'" *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 446-47 (6th Cir. 2012) (quoting *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1467 (6th Cir. 1988)).

According to Robertson, Mercantile Bank concealed internal emails that, she claims, demonstrate "blatant racism." Such nondisclosure does not constitute an affirmative act of concealment. Robertson has failed to point to any statements that "lulled [her] into not filing [her] claim sooner," instead alleging that no one at Mercantile Bank ever told her why their relationship was being terminated. *Hill v. U.S. Dep't of Labor*, 65 F.3d 1331, 1337 (6th Cir. 1995). The district court properly declined to toll the statute of limitations based on fraudulent concealment.

For these reasons, we **AFFIRM** the district court's judgment dismissing Robertson's complaint on statute-of-limitations grounds.