RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0432P (6th Cir.)
File Name: 01a0432p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

ALPHONSE M. SANTINO,
　　　*Plaintiff-Appellant,*

　　　*v.*

PROVIDENT LIFE AND
ACCIDENT INSURANCE
COMPANY,
　　　*Defendant-Appellee.*

No. 00-1926

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 99-70301—Denise Page Hood, District Judge.

Argued: November 1, 2001

Decided and Filed: December 20, 2001

Before: MARTIN, Chief Judge; BATCHELDER, Circuit
Judge; SARGUS, District Judge.[*]

_____

[*] The Honorable Edmund A. Sargus, Jr., United States District Judge
for the Southern District of Ohio, sitting by designation.

1

---

**COUNSEL**

---

**ARGUED:** Vincent P. Hoyumpa, Clinton Township, Michigan, for Appellant. K. Scott Hamilton, DICKINSON WRIGHT, PLLC, Detroit, Michigan, for Appellee. **ON BRIEF:** Vincent P. Hoyumpa, Clinton Township, Michigan, Peter J. Lucido. LUCIDO & FISCHER, Clinton Township, Michigan, for Appellant. K. Scott Hamilton, DICKINSON WRIGHT, PLLC, Detroit, Michigan, for Appellee.

---

**OPINION**

---

BOYCE F. MARTIN, JR., Chief Judge. Plaintiff Alphonse M. Santino appeals the district court's determination that the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA), preempts his state law claims and its dismissal of his lawsuit as untimely. For the following reasons, we AFFIRM.

I.

Santino is a physician specializing in urology. In 1984, Santino, then one of three shareholders in Wayne-Maycomb Urology Associates P.C., applied for disability insurance from Provident Life and Accident Insurance Company. On his application, Santino listed the Wayne-Macomb clinic as his employer and answered "yes" to the question: "Will your employer pay for all Accident and Sickness disability coverage to be carried by you with no portion of the premium to be included in your taxable income?" Provident Life issued two disability insurance policies to Santino. Both policies provide: "No [legal] action may be brought after three years from the time written proof of loss is required to

which is that for breach of contract. *Meade v. Pension Appeals & Review Comm.*, 966 F.2d 190, 194-95 (6th Cir. 1992). The Michigan breach of contract statute of limitations is six years. MICH. COMP. LAWS § 600.5807(8) (2000). But, Michigan courts have held that insurance contracts may contain shorter statutes of limitations. *Tom Thomas Org., Inc. v. Reliance Ins. Co.*, 242 N.W.2d 396, 397 (Mich. 1976).

The policies require Santino to bring any claim within three years of his written proof of loss. Santino agreed to the terms of the policies. Moreover, he accepted benefits under the policies for more than three years without complaint. Provident Life informed Santino of its "residual disability" determination on January 25, 1995 and he failed to bring his lawsuit until December 1998. Therefore, his lawsuit is time barred.

Because we find that Santino's claim is time barred, we need not address the district court's finding that Provident Life correctly characterized Santino's illness as a "residual disability."

IV.

ERISA preempts Santino's state law claims and his lawsuit is time barred; therefore, we AFFIRM the district court's decision.

become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002 (7) (2001).

In *Fugarino*, this Court relied on section 2510.3-3(c) to find that a sole proprietor could not be a "participant" of an ERISA plan because "a sole proprietor or sole shareholder of a business must be considered an employer and not an employee of the business." *Id.* at 185-86. In *Agrawal*, this Court relied on *Fugarino* to find that the sole shareholder of a corporation could not be an ERISA plan "participant."

Although this Court has not addressed whether joint shareholders are excluded from ERISA coverage, several circuits have found that shareholder status does not preclude ERISA coverage. *See Sipma v. Mass. Casualty Ins. Co.*, 256 F.3d 1006, 1011-12 (10th Cir. 2001); *Englehardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1351 (11th Cir. 1998); *Prudential Ins. Co. of America v. Doe*, 76 F.3d 206, 209 (8th Cir. 1996); *Madonia v. Blue Cross & Blue Shield of Virginia.*, 11 F.3d 444, 449-50 (4th Cir. 1993). Moreover, in *Agrawal*, we suggested that *Fugarino*'s holding should be limited to sole proprietors or sole shareholders. *Agrawal*, 205 F.3d at 302-03 (noting that *Fugarino*'s holding is "not thoroughly consistent with the goals of ERISA"); *see also Madonia*, 11 F.3d at 449-50 ("Disallowing shareholders ... from being plan 'participants' would ... frustrate[] the statutory purpose of ensuring similar treatment for all claims relating to employee benefit plans."). Accordingly, we hold that a joint shareholder is not precluded from being a "participant" of an "employee welfare benefit plan" under ERISA.

Because Santino has standing to sue under ERISA as a "participant" in an "employee benefit plan," his state claims are preempted.

### III.

Although ERISA does not provide a statute of limitations for benefit claims, this Court has noted that such claims are governed by the most analogous state statute of limitations,

be given." The Wayne-Macomb clinic paid the policies' premiums.

In 1994, Santino suffered an illness that prevented him from providing urological patient care. He submitted disability claims under both policies. Because Santino could still perform administrative functions at the Wayne-Macomb clinic, Provident Life classified his illness as a "residual disability." On January 20, 1995, Provident Life informed Santino of its disability classification. Santino accepted Provident Life's classification and began receiving "residual disability" payments.

In December 1998, Santino filed suit against Provident Life in Michigan state court, asserting for the first time that Provident Life should have considered his illness a "total disability." Claiming that ERISA preempted Santino's state claims, Provident Life removed the case to the Eastern District of Michigan. The district court denied Santino's motion to remand and dismissed his lawsuit as untimely. Santino appealed.

### II.

The district court's ruling that ERISA preempts Santino's state law claims is a legal conclusion, which this Court reviews *de novo. See Agrawal v. Paul Revere Life Ins. Co.*, 205 F.3d 297, 299 (6th Cir. 2000). ERISA regulates "employee welfare benefits plans," which "'through the purchase of insurance or otherwise' provide ... benefits in the event of ... disability." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (quoting 29 U.S.C. § 1002(1)). Thus, ERISA applies when a "participant" entitled to benefits under an "employee benefit plan," sues under that plan. *See* 29 U.S.C. §§ 1002(1) and 1002(7) ( 2001).

Santino argues that the policies do not constitute an "employee welfare benefit plan" because he is not an "employee" under ERISA. He further argues that his

shareholder status precludes him from being a "participant" under ERISA. As discussed below, we find that Santino is a "participant" in an "employee welfare benefit plan."

### A.

An "employee welfare benefit plan" must provide benefits to at least one employee. *See* 29 C.F.R. § 2510.3-3(b) (2001) (excluding from the definition of "employee welfare benefit plans" any plan "under which no employees are participants").

ERISA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 1002(6) (2001). In *Nationwide Mutual Insurance Company v. Darden*, 503 U.S. 318, 323 & n.3, 112 S.Ct. 1344, 117 L.E.2d 581 (1992), the Supreme Court expanded on the statute's circular definition of "employee" by incorporating common law agency criteria. It is undisputed that the Wayne-Macomb clinic is in business. Moreover, it is undisputed that Santino draws a salary from the Wayne-Macomb clinic, performs services for the clinic, and listed the clinic as his employer on his policy application. Therefore, absent an applicable exception, Santino is an ERISA "employee."

Santino claims that his shareholder status and his authority within the Wayne-Macomb clinic make him an "employer" under ERISA, *see* 29 U.S.C. § 1002(5), thereby precluding him from being an ERISA "employee." *See Fugarino v. Hartford Life & Accident Ins. Co.*, 969 F.2d 178, 186 (6th Cir. 1992) ("An 'employee' and 'employer' are plainly meant to be separate entities under ERISA."). This Court, however, has already rejected the notion that an individual's shareholder status and authority, without more, confer ERISA "employer" status. *See Scarbrough v. Perez*, 870 F.2d 1079, 1082-84 (6th Cir. 1989) (finding that the sole shareholder and chief executive officer of a corporation was not an ERISA "employer" and could not be held liable for the corporation's unpaid contribution); *see also Int'l Brotherhood of Painters*

*v. George A. Kracher, Inc.*, 856 F.2d 1546, 1547-48 (D.C. Cir. 1988) (rejecting as "foolhardy" the claim that the "chief corporate officer and principal shareholder who made all corporate decisions regarding payment of pension contributions" was an ERISA "employer").

Santino also argues that the Department of Labor's ERISA regulations prevent him from being an "employee." Relying on 29 C.F.R. § 2510.3-3(c)(1), which provides that an individual "shall not be deemed [an] employee[] with respect to a ... business ... which is wholly owned by the individual," Santino claims that he cannot be an employee because, as a shareholder, he owns part of the Wayne-Macomb clinic.

Section 2510.3-3(c)(1), however, does not exclude joint shareholders from the ERISA definition of "employee." On its face, the regulation applies only to "an individual" who "wholly own[s]" a business. Moreover, the Department of Labor interprets section 2510.3-3(c)(1) as applying "*only* where the stock of the corporation is wholly owned by one shareholder." Op. Dep't of Labor 76-67 (May 21, 1976) (emphasis added). Under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), this Court must generally defer to the Department of Labor's interpretation.

Because Santino is an ERISA "employee" and the policies provide him with benefits in the event of disability, we find that the policies constitute an ERISA "employee welfare benefit plan."

### B.

To have standing to bring an ERISA claim under an "employee welfare benefit plan," an individual must be a "participant" or "beneficiary" of that plan. 29 U.S.C. § 1132(a)(1) (2001). If an in individual lacks standing to bring an ERISA claim, he or she may seek state law relief. *Fugarino*, 969 F.2d at 186. The ERISA definition of "participant" includes "any employee ... who is or may