NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0458n.06
Filed: June 29, 2007

Case No. 05-2657

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LAWRENCE D. KORN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| PAUL REVERE LIFE INSURANCE | ) | COURT FOR THE EASTERN |
| COMPANY, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE:  BATCHELDER, GILMAN, and ROGERS, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**  Lawrence D. Korn filed a complaint in federal district court based on diversity jurisdiction, claiming that, beginning in September 2000, defendant Paul Revere Life Insurance Company ("Paul Revere") had wrongfully denied him benefits under a disability insurance policy.  Mr. Korn filed the complaint on February 12, 2004.

Paul Revere moved to dismiss under Fed. R. Civ. P. 12(b)(6), on the ground that the action was time-barred by the policy's three-year limitations period.  Paul Revere attached to its motion as an exhibit the insurance policy at issue, both parties cited its provisions extensively in their briefs supporting and opposing the motion to dismiss, and the district court considered the insurance contract as part of the pleadings.  Under the policy, the insured was required to submit written proof of loss within 90 days of the period for which benefits were claimed, and any legal action was barred after three years from that proof-of-loss date.  The key language reads as follows:

9.4 WRITTEN PROOF OF LOSS

Written proof of loss must be sent to us within 90 days after the end of a period for which you are claiming benefits. If that is not reasonably possible, your claim will not be affected, but, unless you are legally incapacitated, written proof must be given within one year.

10.4 LEGAL ACTION

You cannot bring legal action within 60 days from the date written proof of loss is given. You cannot bring it after 3 years from the date written proof of loss is required.

Mr. Korn replied that, because his disability is permanent and continuing, the benefits period has not ended, so he is not yet required to submit proof of loss, and the three-year limitations period has not yet commenced. The district court found this argument both illogical and inconsistent with Mr. Korn's statement in his complaint that he had already submitted proof of loss for the September 2000 period. The court granted Paul Revere's motion and dismissed the complaint.

"The Michigan breach of contract statute of limitations is six years. But, Michigan courts have held that insurance contracts may contain shorter statutes of limitations." *Santino v. Provident Life & Acc. Ins. Co.*, 276 F.3d 772, 776 (6th Cir. 2001). In the present case, the district court correctly chose a limitations period of three (3) years, as set forth in the contract, but incorrectly viewed the claim as limited to a singular event in September 2000. In his complaint, Mr. Korn sought recovery of each of the periodic (monthly) payments, beginning in September 2000, and also sought a declaration that periodic payments will come due so long as he remains disabled. Thus, a correct application of the three-year limitations period renders time-barred any claim for periodic benefits for which the written proof of loss was required to be submitted before February 12, 2001, i.e., more than three years prior to the filing of the complaint on February 12, 2004.

The district court was also correct in its plain reading of the contract and its recognition that

Mr. Korn's argument as to proof of loss is plainly absurd. Mr. Korn's theory is that because his disability is continuing, the benefits period has not ended, so he is not yet required to submit any proof of loss. That is, although he expects to receive monthly benefit payments in the interim, he need not submit proof of loss until he is either cured or dead. This is insupportable. *See*, *e.g.*, *Selesny v. U.S. Life Ins. Co.*, No. 23614, 2003 Mich. App. LEXIS 893, *15, 2003 WL 1861028, *5-6 (Mich. Ct. App., Apr. 8, 2003). As the district court explained, in order to obtain benefits under the contract, Mr. Korn must submit proof of loss within 90 days of the end of any period (e.g., month) for which he is claiming benefits. Thus, for limitations period purposes, the claim accrues and the three-year period begins to run 90 days after the end of that benefit period. Ergo, the three-year limitations period bars a claim for benefits for any month prior to November 2000.

The statute of limitations defense "may be raised on a motion to dismiss under Rule 12(b)(6) when it is apparent from the face of the complaint that the time limit for bringing the claim has passed." *Hoover v. Langston Equip. Assoc., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992). According to the face of Mr. Korn's complaint, he submitted proof of loss for the September 2000 period, but the defendant refused to pay. The defendant insurance company disputes that Mr. Korn submitted the alleged proof of loss, but that is irrelevant. What is relevant is that, from the face of the complaint, it is evident that a claim for benefits for September 2000, as well as October 2000, is barred by the contractual limitations period. Thus, these claims were properly dismissed.

It is true that, if Mr. Korn failed to submit proof of loss within 90 days of any other period for which he claims benefits, then the court may find that he is entitled to no benefits. However, that determination requires consideration of evidence beyond the face of the complaint, and therefore, is not a decision properly made in the context of a motion to dismiss. *See* Fed. R. Civ. P. 12(b)(6)

(if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56"). Therefore, Rule 12(b)(6) dismissal was improper as to claims for benefits in November 2000 or later.

Based on the foregoing, we **AFFIRM** in part and **REVERSE** in part, and remand this case to the district court for further proceedings consistent with this opinion.

4