Anne Florence ANDRE–PEARSON, Plaintiff,

v.

**GRAND VALLEY HEALTH PLAN, INC., Defendant.**

No. 1:12–cv–1223.

United States District Court, W.D. Michigan, Southern Division.

Aug. 28, 2013.

---

ance claims for approximately $325,000 she incurred for her health care and treatment. Defendant removed the lawsuit to the United States District Court for the Western District of Michigan. Defendant then filed a motion to dismiss (ECF No. 6), asserting that the two claims in the complaint are preempted by the Employee Retirement Income Security Act ("ERISA"). Plaintiff filed a motion to remand (ECF No. 8), asserting that the claims arise solely under state law and, therefore, this Court lacks subject-matter jurisdiction. As part of her motion to remand, Plaintiff requests, in the event that this Court concludes that her claims fall under ERISA, she be granted leave to amend the complaint to state a claim under the federal statute. (ECF No. 9 Pl. Brief in Support PgID 171–72.) A hearing on both motions occurred on August 26, 2013.

## FRAMEWORK

■ Before this Court may consider the merits of a claim or a motion, it must first determine whether subject-matter jurisdiction exists over the case or controversy. *See Green Party of Tennessee v. Hargett,* 700 F.3d 816, 827 (6th Cir.2012); *see, e.g., Gardner v. Heartland Indus. Partners, LP,* 715 F.3d 609, 615 (6th Cir.2013) (involving the removal of lawsuit on ERISA preemption grounds and cross-motions to dismiss and for remand and resolving the remand motion against the defendants). A defendant may remove an action filed in the state courts to the federal district court when the federal district court would have original jurisdiction. 28 U.S.C. § 1441(a). "As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters,* 249 F.3d 433, 444 (6th Cir.2001). Removal statutes are therefore narrowly construed

Michelle Marie McLean, Bolhouse Baar & Lefere PC, Grandville, MI, for plaintiff.

Michael A. Alaimo, Brian Mark Schwartz, Miller Canfield Paddock & Stone PLC, Detroit, MI, for defendant.

*OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND, GRANTING DEFENDANT'S MOTION TO DISMISS, AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND*

PAUL L. MALONEY, Chief Judge.

Plaintiff Anne Florence Andre–Pearson filed a complaint in the Circuit Court for Kent County, Michigan. The complaint included a claim for breach of contract and a claim for exemplary damages. Plaintiff generally asserted that Defendant Grand Valley Health Plan declined to pay insur-

as the removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Palkow v. CSX Transp., Inc.,* 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit Court of Appeals follows a policy that "all doubts as to the propriety of removal are resolved in favor of remand." *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.,* 401 F.3d 701, 704 (6th Cir.2005) (quoting *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999)). If a district court determines, at any time before the entry of final judgment, that it lacks subject-matter jurisdiction over a removed action, the action must be remanded. 28 U.S.C. § 1447(c).

Federal courts have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. 28 U.S.C. § 1331. In determining whether a claim arises under federal law, courts rely on the "well-pleaded complaint" rule: the plaintiff's statement of his or her cause of action shows that the claim is based on the Constitution, laws, or treaties of the United States. *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). As the master of the complaint, a plaintiff may avoid federal jurisdiction by relying exclusively on state law. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). When a plaintiff relies exclusively on state law to establish a claim, a federal defense does not create federal subject-matter jurisdiction, including the defense of preemption. *Id.* at 393, 107 S.Ct. 2425; *see Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

The complete-preemption doctrine serves as limited exception to the well-pleaded complaint rule. *Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425. Complete preemption occurs when Congress has so completely legislated a particular area that any civil complaint raising claims falling within that area of law is necessarily federal in nature. *Metro. Life Ins. v. Taylor,* 481 U.S. at 63–64, 107 S.Ct. 1542. "When a federal statute completely pre-empts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat'l Bank,* 539 U.S. at 6, 123 S.Ct. 2058. The Supreme Court has held that ERISA is one such federal statute that wholly displaces state-law claims and pre-empts state law causes of action. *Aetna Health Inc. v. Davila,* 542 U.S. 200, 208, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004); *Metro. Life Ins.,* 481 U.S. at 67, 107 S.Ct. 1542; *see Gentek Bldg. Prods. Inc. v. Sherwin–Williams Co.,* 491 F.3d 320, 325 (6th Cir.2007).

Any claim that falls within ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), even though couched in state-law terms, is completely preempted and is removable by the defendant. *Metro. Life Ins.,* 481 U.S. at 67, 107 S.Ct. 1542. Section 1132 authorizes civil actions

(1) by a participant or beneficiary—

\* \* \*

(B) to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

29 U.S.C. § 1132(a)(1)(B). The Sixth Circuit uses a two-part test for determining when a state-law claim falls within ERISA's § 1132(a). *Gardner,* 715 F.3d at 613. First, "the plaintiff complains about the denial of benefits to which he is entitled 'only because of the terms of an ERISA-regulated employee benefit plan[.]'" *Id.* (quoting *Davila,* 542 U.S. at 201, 124 S.Ct. 2488). Second, "the plaintiff

does not allege the violation of any 'legal duty (state or federal) independent of ERISA or the plan terms[.]'" *Id.* (quoting *Davila* ). Plaintiff has not pleaded any legal duty independent of the terms of her insurance policy.

 Both motions thus turn on whether Plaintiff's insurance policy falls under ERISA's civil enforcement provision. When a state-law claim falls within § 1132(a)(1)(B), two consequences follow: (1) the claim is deemed to be one brought under federal law and removal is authorized, and (2) the claim is preempted. *Gardner,* 715 F.3d at 613 (citing *Davila,* 542 U.S. at 209, 124 S.Ct. 2488). If the policy does not fall under ERISA, Plaintiff's claim is based in state law, and her motion to remand must be granted. If the policy does fall under ERISA, Plaintiff's claim, although phrased in state-law terms, is preempted, removal was proper, and Defendant's motion to dismiss must be granted.

## FACTUAL BACKGROUND

 The party seeking to remove the action to federal court has the burden of establishing that the district court has jurisdiction. *Long v. Bando Mfg. of America, Inc.,* 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson,* 871 F.2d 612, 614 (6th Cir.1989) (holding defendant has the burden of establishing that removal was proper). "When ruling on a motion to remand, a court generally looks to the plaintiff's complaint, as it is stated at the time of removal, and the defendant's notice of removal." *Gentek Building Prods.,* 491 F.3d at 330 (citation omitted). In situations like this one, where preemption forms the basis for the removal, the general approach has limited usefulness, as the claims in the complaint are pled in state-law terms. The Sixth Circuit Court of Appeals has analogized motions for re-mand to Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction. *See id.* In a Rule 12(b)(1) motion where the defendant makes a factual challenge to the basis for subject-matter jurisdiction alleged the complaint, the district court weighs the conflicting evidence presented by the parties to determine whether subject-matter jurisdiction exists. *Id.* "In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Id.* In removed proceedings, a federal court may consider evidence outside the pleadings to assess challenged facts, so long as the "facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim." *Id.* If resolution of the issue of subject-matter jurisdiction implicates an element of the plaintiff's claim, the district court should find that jurisdiction exists and consider the challenge as an attack on the merits of the plaintiff's claim. *Id.* (quoting *Garcia v. Copenhaver, Bell & Assocs.,* 104 F.3d 1256, 1261 (11th Cir.1997)).

The following facts find support in the record. In July 2010, the Rockford Chamber of Commerce ("Chamber") and Defendant entered into an Association Marketing Agreement ("Marketing Agreement"). (ECF No. 13–1 "Dunwoody Aff." ¶ 3 PgID 201.) Through the Marketing Agreement, members of the Chamber could purchase Health Maintenance Organization ("HMO") services from Defendant. (ECF No. 13–1 Marketing Agreement PgID 203–13.) Storymakers LLC is a member of the Chamber. (Dunwoody Aff. ¶ 4.)

Storymakers is a Michigan limited liability company. (ECF No. 8–2 "Pearson Aff." ¶ 2 PgID 153.) Doug Pearson owns ten percent of Storymakers and the other ninety percent of Storymakers is owned by Andre–Pearson Holdings, LLC. (*Id.* ¶ 10; ECF No. 8–3 "Braat Aff." ¶ 7.) Plaintiff is

married to Doug Pearson. (Pearson Aff. ¶ 8.) In 2010 and 2011, Doug Pearson and Plaintiff each owned half of Andre–Pearson Holdings, LLC. (*Id.* ¶ 10.) In 2010, Storymakers signed an Adoption Agreement, through which it joined the Marketing Agreement. (ECF No. 13–1 "Adoption Agreement" PgID 222–23.) When Storymakers signed the Adoption Agreement, Defendant agreed to provide Storymakers with HMO services at a group specific premium rate discounted by 2%. (ECF No. 13–1 PgID 214.) In 2011, Storymakers signed a Group Letter of Agreement with Defendant. (Compl. Attachment A "Group Letter" PgID 17–27.) The Group Letter serves as the contract, an insurance policy, through which Defendant agreed to provide certain benefits in exchange for monthly premiums.

Between November 1, 2010, and September 15, 2011, Plaintiff was in and out of hospitals and other treatment facilities for a variety of ailments and medical conditions. (Compl. ¶¶ 19–40.) In September 2011, Plaintiff sought treatment at the Mayo Clinic in Minnesota, where she underwent three surgeries and was hospitalized for five weeks. (*Id.* ¶¶ 39–40.) Defendant denied coverage for the treatment Plaintiff received while in Minnesota. (*Id.* ¶ 41.) Plaintiff utilized the grievance process to appeal the denial of coverage. (*Id.* ¶ 43.) Although Defendant agreed to pay for some services provided earlier, Defendant has refused to cover the services Plaintiff received between September 14 and October 17, 2011, at the Mayo Clinic and its affiliate. (*Id.* ¶ 46–48.) Plaintiff claims Defendant has wrongfully denied or failed to pay over $325,000 in medical claims. (*Id.* ¶ 51.)

## ANALYSIS

■ The Sixth Circuit has "repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Cromwell v. Equicor–Equitable HCA Corp.,* 944 F.2d 1272, 1276 (6th Cir.1991). "The existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding circumstances and facts from the point of view of a reasonable person." *Thompson v. American Home Assurance Co.,* 95 F.3d 429, 434 (6th Cir.1996) (collecting cases).

Defendant maintains the insurance policy, that provides the basis for the two claims in the complaint, falls within ERISA's definition of an "employee welfare benefit plan." ERISA defines employee welfare benefit plan as

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or maintained for the purpose of providing for its participants and their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, . . . .

29 U.S.C. § 1002(1). The phrase "employee benefit plan" includes employee welfare benefit plans. *Id.* ¶ 1002(3). Without dispute, the Group Letter creates a plan providing for medical, surgical, or hospital care or benefits.[1] Also without dispute, Storymakers paid the policy premiums for the plan. (Pearson Aff. ¶¶ 5–6.) Plaintiff avers that Doug Pearson is the sole em-

---

1. Article 3.1 of the Group Letter (PgID 20) states that Defendant will provide the benefits specified in the Group Subscriber Certificate of Coverage for each participant and beneficiary enrolled. Plaintiff has attached the 2011 Group Subscriber Certificate of Coverage to her complaint (PgID 29–64). The document summarizes the health related services provided by the contract between Defendant and Storymakers. (PgID 31.)

ployee of Storymakers.[2] (*Id.* ¶¶ 4 and 7.) In the complaint, Plaintiff alleges Doug Pearson is an "eligible employee" and a "participant," as those terms are defined in the Group Letter. (Compl. ¶ 12.) Plaintiff also alleges she is a "beneficiary" and an "eligible dependent," as those terms are defined in the Group Letter. (*Id.* ¶ 13.)

On these facts, Defendant has met its initial burden and has established that Plaintiff's claims are governed by an employee welfare benefit plan which falls under ERISA. Absent some exception, Defendant's motion to dismiss should be granted and Plaintiff's motion to remand should be denied. In her brief in support of her motion to remand, Plaintiff identified four reasons for finding that ERISA does not apply to the insurance policy on which her complaint is based. First, Plaintiff points to 29 U.S.C. § 1191a, which she describes as a small business exception to ERISA. Second, Plaintiff argues because Storymakers is owned by her and her husband, under 29 C.F.R. § 2510.3–3, her insurance policy is exempt from ERISA. Third, Plaintiff contends the insurance plan does not constitute an employee welfare benefit plan under the three-step analysis provided by the Sixth Circuit. Finally, Plaintiff asserts that an insurance plan whose sole beneficiary is its owner does not fall under ERISA.

### A. 29 U.S.C. § 1191a

■ Citing 29 U.S.C. § 1191a(a), Plaintiff argues that because Storymakers had less than two participants who were current employees on the first day of the plan year, her insurance policy was exempted from ERISA coverage. Defendant insists that Plaintiff misreads the statute. According to Defendant, the statutory provision on which Plaintiff relies exempts small group health plans from Part 7 of ERISA, not from ERISA's broad preemption provision.

ERISA, 29 U.S.C. § 1001 *et seq.,* is located in Title 29 of the United States Code, Chapter 18. Section 1191a of ERISA is located in Subpart C, of Part 7, of Subtitle B, of Subchapter 1, of Chapter 18, of Title 29, of the United States Code. ERISA contains three subchapters. Within Subchapter I, there are two subtitles. Subtitle B is further comprised of seven Parts. Part 7 is titled "Group Health Plan Requirements" and includes three subparts, spanning 29 U.S.C. §§ 1181–1191c. Subpart C spans 29 U.S.C. §§ 1191–1191c. Neither party cites any court opinions interpreting § 1191a(a). This Court could locate only two opinions citing § 1191a, and neither interpreted § 1191a(a).

Defendant's interpretation of the statute finds support in the plain language of the statute. Section 1191 a identifies special rules for group health plans. Section 1191a(a) provides as follows:

(a) General exemption for certain small group health plans

The requirements of this part (other than section 1185 of this title) shall not apply to any group health plan (and group health insurance coverage offered in connection with a group health plan) for any plan year if, on the first day of such plan year, such plan has less than 2 participants who are current employees.

29 U.S.C. § 1191a(a). The word "part" in the statutory text refers to Part 7, §§ 1181–1191c of ERISA. Defendant's interpretation also finds support in the structure of Part 7. Subpart A and Subpart B of Part 7 identify requirements for

---

2. This statement in the affidavit is curious because one of Plaintiff's arguments, in the briefs and at oral argument, is that Doug Pearson cannot be an employee because he is an owner of Storymakers.

group health plans. Under § 1191a(a), the requirements in Subparts A and B of Part 7 are excluded from group health plans when the plan has less than 2 participants.

Further support for Defendant's interpretation of the statutory provision is found in § 1191(a)(2), which reads "[n]othing in this part shall be construed to affect or modify the provisions of section 1144 of this title, with respect to group health plans." Section 1144(a), found in Part 5 of ERISA, broadly preempts state law as related to employee benefit plans. Plaintiff's interpretation of § 1191a(a), which would exempt her insurance policy from the broad preemption provision, cannot be reconciled with § 1191(a)(2), which states that nothing in Part 7, which includes the provision on which Plaintiff relies, shall be interpreted to modify the broad preemption located in § 1144.

### B. 29 C.F.R. § 2510.3–3

Plaintiff argues that her insurance policy falls under 29 C.F.R. § 2510.3–3, which limits the application of ERISA when there are no employee participants covered by a plan. Defendant argues that the regulation does not apply because Doug Pearson is an employee participant.

ERISA authorizes the Secretary of Labor to prescribe any necessary and appropriate regulations. 29 U.S.C. § 1135. The Secretary of Labor has enacted a regulation to "clarif[y] the definition in section 3(3) of the term 'employee benefit plan' for purposes of title I of the Act and this chapter." 29 C.F.R. § 2510.3–3(a). Under the regulation, an employee benefit plan does not include any plan "under which no employees are participants covered under the plan." *Id.* § 2510.3–3(b). ERISA defines "employee" as "any individual employed by an employer." 29

U.S.C. § 1002(6). The regulation limits the scope of the term "employee."

(c) Employees. For purposes of this section:

(1) An individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse[.]

29 C.F.R. § 2510.3–3(c)(1).

The regulation, § 2510.3–3, does not exempt Plaintiff's insurance plan from ERISA. Storymakers has a single employee, Doug Pearson. (Pearson Aff. ¶¶ 4 and 7.) His status as a shareholder does not, standing alone, make the him an employer under ERISA. *Santino v. Provident Life and Accident Ins. Co.*, 276 F.3d 772, 775 (6th Cir.2001) (citations omitted). And, the regulation does not exclude joint shareholders from the ERISA definition of employee. *Id.* The Department of Labor interprets the regulation as applying *"only* where the stock of the corporation is wholly owned by one shareholder." *Id.* (quoting Op. Dep't of Labor 76–67 (May 21, 1976)) (emphasis added in *Santino* ). Storymakers is not wholly owned by Doug, or the combination of Doug and Plaintiff. Storymakers is owned by Doug Pearson and by Andre–Pearson Holdings. (Pearson Aff. ¶ 10 PgID 154.)

Plaintiff insists that the regulation applies because she and Doug Pearson own Andre–Pearson Holdings, the other owner of Storymakers. But Andre–Pearson Holdings did not establish, maintain, or purchase Plaintiff's medical insurance. Plaintiff candidly admits that she could not find any legal authority addressing this factual situation, and neither could

the Court.[3] Presumably, Doug Pearson enjoys some benefit from organizing the ownership of Storymakers in this manner, rather than owning it as the sole shareholder. Under Michigan law a corporation is a person, separate and distinct from its owners, even when a single shareholder owns the corporation. *Hills and Dales Gen. Hosp. v. Pantig*, 295 Mich.App. 14, 20, 812 N.W.2d 793, 797 (Mich.Ct.App. 2011). Also, "Michigan law presumes that parent and subsidiary corporations constitute separate legal entities." *Id.* at 797. The legal rules regarding corporate forms apply to limited liability companies. *Id.* at 797. However, by having Andre–Pearson Holdings, a separate legal entity, own ninety percent of Storymakers, Plaintiff cannot take advantage of the regulation that exempts sole proprietorships from ERISA.

### C. Three–Step Analysis for Determining an Employee Welfare Benefit Plan

█ Plaintiff argues that her insurance policy is not an employee welfare benefit plan. Defendant disagrees.

█ The Sixth Circuit has established a three-step factual analysis for determining whether a benefit plan constitutes an employee welfare benefit plan, as that phrase is defined in ERISA. *Thompson*, 95 F.3d at 434–35; *Agrawal v. Paul Re-vere Life Ins. Co.*, 205 F.3d 297, (6th Cir. 2000) *overruled on other grounds by Yates v. Hendon*, 541 U.S. 1, 124 S.Ct. 1330, 158 L.Ed.2d 40 (2004). First, the court must apply the "safe harbor" regulation established by the Department of Labor, § 2510.3–1(j) to determine whether the plan is exempt from ERISA. *Thompson*, 95 F.3d at 434. Second, the court must look to see if a "plan" exists by considering whether, from the surrounding circumstances, a reasonable person could identify "the intended benefits, the class of beneficiaries, the source of financing, and procedures for receiving benefits." *Id.* at 435 (quoting *Int'l Resources, Inc. v. New York Life Ins. Co.*, 950 F.2d 294, 297 (6th Cir. 1991)). Third, the court must consider whether the employer established or maintained the plan with the intent of providing benefits to its employees. *Id.*

Based on the record now before this Court, Plaintiff's insurance policy meets all three factors and, therefore, falls under ERISA. The insurance policy is not exempt from ERISA under the first factor, the safe harbor regulation. The Secretary of Labor enacted the regulation to clarify the phrase "employee welfare benefit plan" "by identifying certain practices which do not constitute employee welfare benefit plans for those purposes." 29 C.F.R. § 2510.3–1(a)(1). The regulation sets forth four criteria for determining when

---

**3.** Without necessarily making definitive rulings on the issue, courts have frequently identified individuals as both a member of a limited liability company and an employee of that company. *See, e.g., Fogel v. Gordon & Glickson, P.C.*, 393 F.3d 727, 728 (7th Cir.2004) ("At that point Fogel, an employee and shareholder of the PC, became an employee and member of the LLC."); *In re Roden*, 488 B.R. 736, 746 (N.D.Ala.2013) ("The Court further finds after carefully reviewing the facts of this case that Roden, serving as the managing member and sole employee of Lease Linc [LLC], willfully and maliciously converted the lease payments assigned by Lease Linc to FEB."); *TekDoc Servs., LLC v. 3i-Infotech Inc.*, No. 09–6573, 2012 WL 3560794, at *1 (D.N.J. Aug. 16, 2012) ("She is also the sole member and employee of TechDoc, a limited liability company organized under the laws of that state."); *In re Pawlak*, 467 B.R. 462, 466 (W.D.Wis.2012) ("Blue Moon Capital, LLC, an entity owned by Mr. Pawlak, became a member of the successor company, Organic Choice LLC. Mr. Pawlak's agreement with the cooperative was assigned to the LLC. This made him both an owner and an employee of Organic Choice.").

group or group-type insurance programs do not fall under ERISA: (1) no contributions are made by the employer, (2) participation in the program by employees is completely voluntary, (3) the sole function of the employer with respect to the program is to permit the insurer to publicize the program to employees, to collect premiums through payroll deductions, and to remit them to the insurer, and (4) the employer receives no consideration in connection with the program, other than reasonable compensation for administrative services actually rendered. *Id.* § 2510.3–1(j). "A policy is exempted under ERISA only if all four of the 'safe harbor' criteria are satisfied." *Thompson,* 95 F.3d at 435 (citations omitted).

Plaintiff cannot satisfy the first element of the safe harbor criteria. Neither party discusses this safe harbor regulation. In his affidavit, however, Doug Pearson states that Storymakers purchased the health insurance from Defendant for both 2010 and 2011 and that Storymakers paid the monthly premiums for the policy. (Pearson Aff. ¶¶ 5 and 6 PgID 154.) The statement is sufficient to remove the plan from this safe harbor regulation. *See Arbor Health Care Co. v. Sutphen Corp.,* 181 F.3d 99 (6th Cir. Apr.30, 1999) (unpublished table opinion) ("In the instant case, Sutphen paid 80% of the policy premiums on behalf of its covered employees and their dependents. The safe harbor inquiry is therefore at an end, because the first criterion is not satisfied as a matter of law.") The record contains no facts from which this Court could infer that the monthly premiums were taken out of Pear-

son's salary, or even if Pearson was paid a salary.

Plaintiff's insurance policy meets the second factor for an employee welfare benefit plan. Plaintiff acknowledges that a plan exists and that there are benefits, beneficiaries, financing, and a process for receiving benefits. (ECF No. 9 Pl. Brief 5 PgID 170.)

Plaintiff's insurance policy also meets the third factor for an employee welfare benefit plan. Plaintiff contends that Storymakers did not establish or maintain the plan for the intent of providing benefits to employees because there are no non-owner employees. The Court has already rejected Plaintiff's reasoning here; Doug Pearson is an employee. This third factor focuses on whether the employer "established or maintained" the plan, not whether the employer has any employees. Although the Sixth Circuit has not discussed this factor in detail, it has noted that the definition of employee welfare benefit plan "specifically allows that ERISA plans may be established 'through the purchase of insurance or otherwise.'"[4] *Int'l Resources, Inc. v. New York Life Ins. Co.,* 950 F.2d 294, 297 (6th Cir.1991) (citation omitted); *see Libbey–Owens–Ford Co. v. Blue Cross and Blue Shield Mut. of Ohio,* 982 F.2d 1031, 1034 (6th Cir.1993) ("As defined under ERISA, employee benefit welfare programs may be created through the mere purchase of a group health insurance policy when the owner does not retain control, administrative power, or responsibility for benefits."). The Sixth Circuit has explicitly rejected the argument that an employer's purchase of a group health insurance policy for its employees

---

4. Other circuits have held that the factor turns on the employer's degree of administrative involvement in the benefits program. *See Anderson v. UNUM Provident Corp.,* 369 F.3d 1257, 1263–67 (11th Cir.2004); *Hansen v. Cont'l Ins. Co.,* 940 F.2d 971, 978 (5th Cir. 1991) *abrogated on other grounds by Koehler v. Aetna Health Inc.,* 683 F.3d 182 (5th Cir. 2012); *Brundage–Peterson v. Compcare Health Servs. Ins. Corp.,* 877 F.2d 509, 510–11 (7th Cir.1989).

cannot establish or maintain an employee welfare benefit plan. *Fugarino v. Hartford Life and Acc. Ins. Co.*, 969 F.2d 178, 185 (6th Cir.1992).

Based on the evidence in the record, Storymakers' established or maintained an ERISA plan. Storymakers did more than simply pay for insurance. Storymakers entered into a contract to provide insurance for its employees, thereby "establishing" a plan. *See Brundage–Peterson*, 877 F.2d at 511 ("The contracts 'established' a plan for specified employees having an elective feature which did not in our view affect its character as a plan."). Storymakers also paid the monthly premiums, suggesting its intent to provide benefits to Doug Peterson. The Court also notes that the Group Letter between Storymakers and Defendant explicitly states that "Storymakers, LLC has established and maintains employee health benefit plan(s) to provide health benefits for certain current or former employees and their defendants...." (Group Letter PgID 17.)

### D. Owners Are Not Employees

Plaintiff argues, because Doug Pearson is an owner of Storymakers, he cannot also be an employee for ERISA purposes. This argument differs from Plaintiff's second argument only in the authority provided. In her second argument, Plaintiff cites the regulation, while here Plaintiff cites Sixth Circuit opinions. The Sixth Circuit has held that "a plan whose sole beneficiaries are the company's owners cannot qualify as a plan under ERISA." *Fugarino*, 969 F.2d at 185; *see Agrawal*, 205 F.3d at 302.

Case law does not support the conclusion that Doug Peterson is an owner rather than an employee. The factual situation here is readily distinguishable from both *Fugarino* and *Agrawal*, both of which involved sole proprietorships. The fact that the plaintiffs in those cases were sole owners of their businesses was critical to the resolution of the issue. *See Fugarino*, 969 F.2d at 186 ("Thus, a sole proprietor or sole shareholder of a business must be considered an employer and not an employee of the business for purposes of ERISA."); *Agrawal*, 205 F.3d at 302 ("Because Dr. Agrawal is the sole shareholder of Agrawal, Inc., he is neither a participant nor a beneficiary under an ERISA plan."). As has already been discussed, Storymakers is not a sole proprietorship and the holdings in *Fugarino* and *Agrawal* do not assist Plaintiff. This same question has been raised and resolved by this Court in another case. *See Melluish v. Provident Life and Accident Ins. Co.*, No. 4:99–cv–144, 2001 WL 311243, at *3–*4 (W.D.Mich. Feb. 26, 2001) (Quist J.). Dr. Melluish asserted that the plan did not fall under ERISA because he was an employer, not an employee, citing *Fugarino*. The court found that *Fugarino* did not apply as Dr. Melluish was one of three shareholders, and was not a sole proprietor. *Id.* at *4. This court relied on the Advisory Letter from the Department of Labor cited in *Santino*, and concluded that the regulations on which *Fugarino* relied did not extend to situations where more than an individual and his or her spouse hold stock in a corporation. *Id.* at *4.

### MOTION FOR LEAVE TO AMEND

In its brief, Defendant opposed Plaintiff's motion for leave to amend on grounds that she did not attach a copy of a proposed amended complaint. (ECF No. 13 PgID 198.) In the alternative, Defendant suggested the Court defer ruling on the request for leave until after Plaintiff filed a proper motion. The Court finds Defendant's alternative the better option. Consistent with the directions provided to the parties at the hearing, Plaintiff may file a

motion for leave to amend the complaint and shall include a copy of the proposed amended complaint with the motion. Defendant will then have an opportunity to file a timely response to the motion, and can address any perceived deficiencies in the proposed complaint.

## CONCLUSION

Defendant Grand Valley Health Plan has established that the insurance policy on which Plaintiff Anne Florence Andre–Pearson bases her claims falls under ERISA. Defendant has also effectively undermined each of the four reasons Plaintiff has put forth in her attempt to defeat preemption and federal subject-matter jurisdiction.[5] As a result, Plaintiff's motion to remand must be denied and Defendant's motion to dismiss must be granted. However, Plaintiff may file a motion for leave to amend to correct the deficiencies in the complaint.

## *ORDER*

For the reasons provided in the accompanying Opinion, Plaintiff Anne Florence Andre–Pearson's motion to remand (ECF No. 8) is **DENIED** and Defendant Grand Valley Health Plan's motion to dismiss (ECF No. 6) is **GRANTED**. Plaintiff's state law claims are dismissed without prejudice. If Plaintiff chooses, she may file a motion for leave to amend the complaint within four weeks of the date of this Order. If no motion for leave is filed, a judgment closing the case will issue. **IT IS SO ORDERED.**

---

**5.** This Court need not resolve Defendant's alternative argument, that the insurance plan falls under ERISA because it is a multiple employer welfare arrangement.