NOT RECOMMENDED FOR FULL TEXT PUBLICATION

File Name: 14a0451n.06

NO. 13-2621

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Jun 20, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| STEPHANY WATKINS, | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT COURT |
| v. | ) | FOR THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| | ) | |
| JP MORGAN CHASE U.S. BENEFITS | ) | OPINION |
| EXECUTIVE, | ) | |
| Defendant-Appellee. | ) | |

Before: SUTTON and GRIFFIN, Circuit Judges; SARGUS, District Judge[*]

**SARGUS, District Judge.** Stephany Watkins filed this suit in 2010, alleging that she had not received a lump sum retirement payment which she elected to collect in May of 1998. The district court held that the applicable statute of limitations barred her ERISA claim. We AFFIRM the decision of the district court.

## I.

Watkins was employed by First Chicago NBD, which was later acquired by JP Morgan Chase Bank (Chase). After leaving her employment in 1997, Watkins requested a lump sum distribution from the company's pension plan. In response to her request, First Chicago NBD generated a check in the amount of $14,787.56. Records indicate that the check was sent to the address Watkins provided. Watkins contends that she never received the check, nor did she receive a W-2 or 1099-R tax form.

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

Not until April 6, 2006 did Watkins contact Chase and indicate that she had not received the payment. On February 8, 2010, Watkins initiated this case in state court. Chase thereafter removed the matter to federal court. The parties agreed to stay the case to permit Watkins to pursue administrative remedies under Chase's ERISA plan.

The plan administrator reviewed the records that included a copy of the First Chicago NBD check register containing a notation of the check payable to Watkins. The records also included a list of outstanding, uncashed checks, which did not include the check made payable to Watkins. Stolen or uncashed checks were noted, since the amounts represented by the checks were still held by the fund and recorded as such. No such notation was made as to the check payable to Watkins. The fund's record retention policy was for seven years, which meant that a cancelled check negotiated in 1997 could not be located in 2011. Based upon these documents, the plan administrator denied the claim for benefits. After further, unsuccessful administrative appeal, Watkins brought this action.

## II.

Because the administrator of the ERISA plan in this case has been granted "discretionary authority to determine eligibility for benefits or to construe the terms of the plan," the district court correctly applied the highly deferential arbitrary and capricious standard of review. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). There is no dispute that the plan in this case vests the administrator with such discretionary authority. This court too reviews under the arbitrary and capricious standard. *McClain v. Eaton Corp. Disability Plan*, 740 F.3d 1059, 1064-64 (6th Cir. 2014).[1]

---

[1]Watkins contends that the administrator was operating under a conflict of interest, which modifies the standard of review applicable in both this court, as well as the district court. *Davis v. Ky. Fin. Cos. Ret. Plan*, 887 F.2d 689, 694 (6th Cir. 1989). The record is completely

**III.**

The district court correctly concluded that Watkins failed to file her claim within the

statute of limitations.  The court held:

> Watkins's ERISA claim is barred by the statute of limitations.  While the
> ERISA statute itself does not set forth the statute of limitations, the Sixth Circuit
> has ruled that federal courts should apply the state statute of limitations period
> which is most closely analogous to the federal claim, which in the instant dispute
> would be a breach of contract claim,  Santino v. Provident Life & Acc. Ins. Co.,
> 276 F.3d 772, 776 (6th Cir. 2001).  Michigan law establishes a six-year statute of
> limitations period for breach of contract.  Mich. Comp. Laws  § 600.5807(8).
> Thus, the six-year statute of limitations applies to Watkin's ERISA claim here.
> Santino, 276 F.3d at 776; Laborer's Pension Trust Fund v. Sidney Weinberger
> Homes, Inc., 872 F.2d 702, 705 (6th Cir. 1998).  The Sixth Circuit has recognized
> the important policy reasons behind statute of limitations are to require plaintiffs
> to pursue claims diligently and to protect defendants from stale claims.  Garden
> City Osteopathic Hosp. v. HBE Corp., 55 F.3d 1126, 1135 (6th Cir. 1995).
>
> "Although the statute of limitations may be borrowed from state law, it is
> federal law that determines the date on which a statute of limitation begins to
> run."  Michigan United Food & Comm. Workers Unions v. Muir Co., 992 F. 2d
> 594, 599 (6th Cir. 1993) (citations omitted).  An ERISA cause of action does not
> generally accrue until a claim of benefits has been made and formally denied.
> Stevens v. Employer-Teamsters Joint Council No. 84 Pension Fund, 979 F.2d
> 444, 451 (6th Cir. 1992).  In a similar context, the Sixth Circuit has held that the
> statute of limitations period is triggered in an ERISA employer contribution case
> when the plaintiff discovers, or with due diligence should have discovered the
> injury that is the basis of the action.  Muir Co., 992 F. 2d at 597.
>
> In an ERISA denial of benefits claim, the Sixth Circuit has developed the
> discovery rule into the "clear repudiation" doctrine which holds that a formal
> denial of benefits is not required where there has been a clear repudiation of the
> benefits by the fiduciary.  Morrison v. Marsh & McLennan Cos., Inc., 439 F.3d
> 295, 302 (6th Cir. 2006).  Examples of "clear repudiation" include receiving
> monthly pension benefits payments that simple arithmetic would reveal resulted
> in an underpayment, Miller v. Fortis, 475 F.3d 516, 522-23 (3rd Cir. 2007), and
> collection of a lump sum payment of retirement benefits in smaller amount than
> plaintiff claimed was due and owing under an ERISA plan.   Fallin v.
> Commonwealth Indus., Inc. Cash Balance Plan, 521 F. Supp. 2d 592, 597 (W.D.
> Ky. 2997).

---

undeveloped as to whether the administrator operates under a conflict of interest.  Further, we
note that, under any standard of review, the result in this case would be the same.

. . . .

Here, Watkins asserts that her claim did not accrue until she exhausted her administrative remedies in June, 2012. The Sixth Circuit has rejected the argument that the statute of limitations will never begin to run until a plaintiff has exhausted her administrative remedies. <u>Morrison</u>, 439 F.3d at 302. In this case, Watkins first elected to take a lump sum payment in May, 1998. She did not file the instant lawsuit until twelve years later in 2010, and did not pursue her administrative remedies until the parties[] stipulated to stay the lawsuit to allow her to do so in 2011. By her own admissions, she did not even make informal inquiries of her former employer to determine the status of the check until July, 2006, over eight years after she requested to take her retirement benefits in a lump sum. Certainly, due diligence would have required Watkins to discover that her employer had failed to pay her for the benefits she sought at some point in 1998. Thus, her claim was filed well more than six years after her cause of action accrued and is clearly time barred.

R. 21 at 4–7 (footnotes omitted).

We adopt the well-reasoned conclusions of the district court. Watkins' failed to file her claim within the statute of limitations. For these reasons, we AFFIRM.